HENRY B. TRUETT, plaintiff in error, v. CHARLES B. WAIN-
WRIGHT *et al.*, defendants in error.

### *Error to Jo Daviess Co. Court.*

The setting aside of judgments, as well in the case where they were procured
by the misconduct of the plaintiffs as where they were obtained by the un-
authorized appearance of strangers, rests on the ground of fraud, such practices
being regarded by Courts as fraudulent, whatever might have been the orig-
inal intentions of the party.

It is a well settled rule, that in cases of fraud, Chancery has always jurisdiction,
though Courts of Law may exercise it concurrently in all cases in which their
powers are sufficient for the relief sought.

BILL IN CHANCERY for discovery, &c. in the Jo Daviess
County Court, filed by the plaintiff in error against the de-
fendants in error.    There was a demurrer to the bill for want
of jurisdiction, which was heard before the Hon. Hugh T.
Dickey, at the July term 1846, when the same was sustained,
the injunction dissolved and the bill dismissed.

The bill in this case set forth substantially the same facts
as were made the foundation of the motion in the preceding
case between the same parties.

*S. T. Logan*, for the plaintiff in error.

*T. Ford*, for the defendants in error, relied upon the fol-
lowing authorities: 1 Ohio Cond. R. 658; 1 Scam. 428; 2
Gilm. 635; 9 Wend. 439; Rev. Stat. 382, § 11.

The Opinion of the Court was delivered by

KOERNER, J.*   This cause is closely connected with the
one immediately preceding, as it grew out of the judgment
rendered against Henry B. Truett in the Jo Daviess County
Court, at the July term 1845, in favor of Wainwright & Co.
to set aside which he had made the motion, which was the

---

* LOCKWOOD, J. did not sit in this case.

subject matter of the decision in the cause just mentioned. Before that motion was entered by him, he had filed the bill in the present case, to wit, to the October term of said Court 1845, in which he sets forth pretty much the same facts which are contained in his affidavit in the case just decided, with some additional allegations, which will have to be noticed hereafter. To this bill, which asked for a discovery on some points, and for a setting aside of the judgment at law, and for an injunction of the execution issued upon said judgment, the defendants below, who are also the defendants here, interposed a demurrer, which, at the July term 1846, was sustained by the Court, and the bill was dismissed and injunction dissolved. The sustaining the demurrer, dismissal of the bill and dissolution of the injunction are the errors assigned upon this record.

It is strongly insisted by the counsel for the defendants amongst other reasons, that the demurrer was properly sustained for want of jurisdiction. It is argued that inasmuch as Courts of Law have exercised a full and ample authority in cases like the present, where it is contended that a party has been represented by an attorney wholly unauthorized, and has been made subject to proceedings and judgments without being really a party to the action, and have granted all relief which a Court of Chancery could possibly have extended to the party alleged to have been injured, it does necessarily follow that Courts of Chancery can have no jurisdiction over this matter. For this position we are referred to the case in the Ohio Reports, *Crichfield* v. *Porter*, 1 Ohio Cond. R. 656, 3 Hammond, 518. This case unquestionably sustains this position. The Court there say: "The relief which is now given by Courts of Law, upon motion, is equitable in its character, extended upon equitable terms, and so framed as to protect the rights of one party without sacrificing or jeopardizing those of the other. It may be afforded in the Court rendering the judgment with more facility, and more certainty of doing justice, than in a distinct tribunal, and the party injured can then obtain all relief he is justly entitled to, without subjecting the other party against whom there is no

complaint, but having, as he supposed, in due course of law, obtained a judgment in his favor, to the delay and expense of a Chancery proceeding." For the reason so assigned, the Supreme Court of Ohio decided in that case that a Court of Equity could not exercise jurisdiction. In the case decided in our Court, ( *Lyon* v. *Boilvin,* 2 Gilm. 635,) we have adverted to the doctrine as laid down in Ohio; but while we have, on the strength of that and other cases, decided that such relief might be granted by the Courts in which judgment was rendered, we have not determined, (and the points in the case did not call for such determination,) that we would go the length which the Court in Ohio has gone, in deciding that such Court had exclusive jurisdiction. We see no reason why Chancery should not have concurrent jurisdiction in such cases. Much as we respect the decisions of the Supreme Court of Ohio, we cannot but differ from them to a considerable extent in their argument. While we admit that relief can be obtained in a Court of Law by motion with more facility, we are inclined to deny that it can be afforded there with more certainty of doing justice. Of this the party complaining ought to be the best judge. While in a proceeding by motion, he has the advantage of his *ex parte* affidavit, the defendant, on the other hand, has it in his power by an *ex parte* counter affidavit to destroy the effect of the first one. Indeed it is hard to imagine how a Court at Law can finally settle the contest, when contradictory *ex parte* affidavits are produced by both the parties. The party injured should have the right to select, according to his own judgment in the matter, for his tribunal such an one as would give him the advantage of a discovery from the defendant, full and explicit, and of an examination of witnesses conducted according to the well known and excellent rules of evolving truth. Testimony which has not undergone the ordeal of cross-examination is hardly worth to be called by that name, and a party ought not to be compelled to have his rights determined by *ex parte* statements.

The setting aside of judgments as well in the case where they were procured by the misconduct of the plaintiffs, as

Truett *v.* Wainwright *et al.*

where they were obtained by the unauthorized appearance of strangers, rests at last on the ground of fraud. The law looks upon such practices, however far the parties may have been from the thought of actually committing a wrong, as fraudulent, and treats them as such; and it is a well settled rule, that in case of fraud Chancery has always jurisdiction, though Courts of Law may exercise it in all cases in which their powers are sufficient for the relief sought concurrently. It is not perceived, then, why in the present and similar cases a Court of Equity should be stript of one of its most efficient, and therefore most valuable powers. In our opinion, the Court below had full jurisdiction over the matter.

As regards the averments of the bill, it cannot be denied that they are not set forth with that perspicuity and distinctness which is so desirable in pleading. Still we think that the complainant has made out a *prima facie* case sufficiently strong to entitle him to an answer from the defendants. It is much stronger than the one which was presented by the affidavits on the motion in the former case. In this bill, the authority of Miers F. Truett to give a warrant of attorney in any form whatever is unequivocally denied, the complainant using, in this respect, the following language: "Your orator had then left with Miers F. Truett your orator's simple signature in blank, without any seal being affixed or attached thereto, for no other object or purpose whatever than to enable the said Miers F. Truett to make such simple contracts without seal, as might be necessary in conducting the mercantile business in which your orator was then engaged, but not to execute any warrant of attorney, or any other writing of that nature." That in this averment there seems to be some mental reservation as respects powers of attorneys without seal, (which in complainant's imagination appear to be mere blanks,) is manifest enough; but still we are not at liberty to disregard statements so comprehensive and *apparently* so unqualified, and we must consider them as importing an unequivocal denial of all authority to confess judgment in favor of Wainwright & Co.

The bill also charges that the attorney for Wainwright &

Co. in the absence of complainant, procured of Miers F. Truett, the blank signature of complainant, and affixed himself a seal thereto, and wrote the power of attorney over it, without his knowledge and consent, and that no notice whatever was given him in any manner of the proceedings in obtaining said judgment, and that he was not aware of such judgment having been rendered against him until after it was done, to which judgment he afterwards assented. Whatever we may think of all these statements, after having learned the real facts of the case in the cause just decided, we cannot look beyond this record, and must consider them on the demurrer to the bill, as absolutely true. They are certainly sufficient to entitle the complainant to some relief, if not to all he asked for in the bill, when connected also with the further consideration that in another part of said bill he sets out, very inartificially, it is true, and somewhat ambiguously, a defence to the action, and alleges that certain facts rest in the knowledge of him and the defendant alone, for which he calls for a discovery.

We think that, under all the circumstances, he showed sufficient to put the defendants on their answers, and as the jurisdiction of the Court was undoubted, the demurrer to the bill should have been overruled. The Court erred in not doing so, and the decree below must therefore be reversed, and the cause remanded for further proceedings, the defendants in error to pay the costs in this Court.

CATON, J. delivered the following dissenting opinion:

I think this decree should not be reversed. Admitting the jurisdiction of the Court to relieve against a judgment rendered in a Court of Law, where the Court has acquired only apparent jurisdiction of the person of the defendant by his appearance being entered by an attorney without authority, yet I do not think that the Courts of Equity ought to take jurisdiction, unless some substantial reason be shown why he cannot obtain adequate relief in the Court of Law. *Crichfield* v. *Porter*, 1 Ohio Cond. R. 658. Now, it is not denied but that the Court of Law has an adequate jurisdiction over

Truett *v.* Wainwright *et al.*

its own judgments and process, and I hazard nothing in saying, that in most instances it can afford more satisfactory relief, and without the procrastination attendant upon suits in Equity. No better illustration of this can be desired than the history of this judgment furnishes. After the Court refused to sustain this bill upon the ground, undoubtedly, that the party had an adequate remedy at law, he applied to that power, and as this Court has just decided, obtained all the relief to which he was justly entitled. Had the County Court entertained the same view of the law which has now been determined by a majority of this Court, what would have been the result? It would have taken a year or two at least, before the case would have been brought to a hearing, and the judgment opened so as to have let the defendant in with his defence, while this was done in the Court of Law, and without the least delay. I am not forgetting that this case must be determined as if no proceeding had been instituted in the Court of Law, but I am only referring to them by way of illustration, and I think it forcibly demonstrates the propriety of the well known rule, that the Court of Equity ought not to interfere when the Court of Law can afford the party as speedy and as ample relief as he could obtain in Equity. Indeed, when it can afford the proper relief, it can generally do it much more speedily. The very great extent of the powers of a Court of Equity to do the most exact justice, makes its machinery necessarily cumbersome, and its proceedings slow and deliberate, and these powers ought not to be called into requisition, unless something is shown why the more summary proceedings of a Court of Law cannot afford a sufficient remedy. Because a Court may take cognizance of a cause, I do not think that it necessarily follows that it will. Take for instance, the administration and settlement of estates of deceased persons; there the Courts of Equity may be said to have jurisdiction in all cases. 1 Story's Eq. Jur., chap. 9; *Mahar* v. *O'Hara,* (*post.* 424.) But I do not think it necessarily follows that it will, whenever applied to, take the settlement of an estate away from the Probate Court, but in the exercise of a sound

discretion, it will leave the matter there to be determined, unless there is something shown that complete justice cannot be done there. Many other familiar instances might be referred to in illustration, but it is unnecessary. I think the County Court properly determined, that there was nothing in this bill which showed that the complainant could not obtain adequate remedy at Law, and that, consequently, the deree should be affirmed.

*Decree reversed.*