PRATT & REATH, Respondents, *vs.* MENKENS & MENKENS, Appellants.

1. Damages arising from a different transaction are no defence to an action on a note.
2. Unliquidated damages are not the subject of set-off.

*Appeal from St. Louis Court of Common Pleas.*

*B. A. Hill,* for appellants. The new practice act provides that the defendant may unite in his answer as many grounds of defence, including off-sets, as he may have, although the same may heretofore have required different actions at law, or an action or actions at law, and a suit or suits in equity.

*Glover & Richardson,* for respondents. 1. The answer showed no actual damage or injury sustained by the appellants from the alleged frauds of the respondents. They sold the wares to their customers for full value, in good faith, and have not refunded to their customers, nor are they liable to refund to them. 2. The matter contained in the answer is not the proper subject of a set-off.

RYLAND, Judge, delivered the opinion of the court.

The plaintiffs filed their petition in the St. Louis Court of Common Pleas, against the defendants, on three promissory notes, one dated St. Louis, September 1st, 1851, for $246 25, due in seven months; another, dated at Philadelphia, August 5th, 1851, for $327 80, due in nine months; the third, dated at St. Louis, September 1st, 1851, for $246 20, due in nine months. The two last notes were to be paid with exchange on Philadelphia, and the plaintiffs aver that, at the maturity of the last two notes, the exchange on Philadelphia was worth one half of one per cent. premium. The plaintiffs ask judgment on the said notes with interest and exchange.

The defendants answered the petition, and stated that, from the 6th of February, 1851, until the commencement of this suit, the plaintiffs were dealers in jewelry, silver ware and watches, at the city of Philadelphia, Pennsylvania, and defendants were dealers in jewelry, silver ware and watches during the same period of time, in the city of St. Louis, Missouri; that, during said time, the defendants bought of plaintiffs, on the 6th of February, 2d and 12th of March, 22d of May, 5th and 29th of August, and 1st of September, divers wares and watches, to be resold by them at St. Louis, in their trade aforesaid; that the plaintiffs, designing to cheat and defraud the defendants, did, on said days and times, sell to defendants wares and watches, which plaintiffs represented to be made of gold, twelve carats fine, and for which wares and watches, so sold, the plaintiffs demanded and received of defendants, as for gold wares and watches twelve carats fine, the sum of $3,776 12; that, at the time of said sale of said wares and watches, the plaintiffs well knew that the gold, of which the cases and other parts thereof were manufactured, was only four carats fine; and the plaintiffs had so prepared the cases of said watches and the outer parts of said wares, by acids and other contrivances, with intent to cheat and defraud the defendants, that they had the appearance of gold twelve carats fine, when, in truth and in fact, they were only four carats fine; that defendants were entirely ignorant of said fraud and deceit of the plaintiffs.

The defendants aver, that the difference between the value of said wares and watches, at twelve carats fine and four carats fine, at the time of the sale, was $376 50, and that said wares and watches so sold by plaintiffs to defendants were, in fact, only worth $3,399 62. The defendants also state, that the plaintiffs, on the 5th of August, 1851, in like manner and upon like false and fraudulent representations, and with like deceitful practices, sold to the defendants four watches which plaintiffs represented to be of gold fourteen carats fine, which were,

in fact, but ten carats fine, and the difference between the value of gold fourteen carats fine, and ten carats, was, on said watches, $18 50.

The defendants aver, that the plaintiffs are further chargeable with the injury and damage done to the defendants, in their business, as jewelers and venders of watches, by reason of the fraudulent practices of the plaintiffs. They aver that they knew nothing of the said fraud and adulteration of the gold in said watches, until after the commencement of this suit; and, being so ignorant of the secret fraud of the plaintiffs, the defendants did, in good faith, sell said wares and watches to their friends and customers, as of the fineness of twelve carats of gold; and said four watches, as of the fineness of fourteen carats, when, in fact, they were only of the fineness of four carats, and said four watches of the fineness of ten carats of gold.

The defendants also aver, that said watches and wares were so skillfully prepared by deceptive processes and preparations, made and executed by the plaintiffs, that the said golden cases thereof deceived the defendants and their friends and customers, and any prudent man would, in like manner, have been deceived thereby; nor would the fraud be detected until, by wearing the article or using it for a time, the alloy would make its appearance through the coating of gold, or the gold left on the surface after the action of the acids; and the defendants aver that, by reason of the said fraud and deceit of plaintiffs, they have, unintentionally, been guilty of defrauding their friends and customers, who have purchased said fraudulent and base wares and watches so sold by plaintiffs to defendants; and the said fraud, and the baseness of said wares and watches, having now been discovered by the purchasers and customers of defendants, they, the defendants, have been greatly injured in their trade and business, and their good name and standing, as jewelers and dealers in watches and jewelry; and for such damage and injury to their trade and business, and their good name and reputation, as merchants, and for the watches and

wares that they are by law compellable to receive, when returned to them, the defendants demand the sum of $2000, and after allowing the plaintiffs the amount of their said three notes, defendants ask judgment for the sum of one thousand five hundred and seventy-five dollars and for costs. This answer was, on motion, stricken out and judgment rendered for the plaintiffs for want of an answer, for the sum of $853 53. The defendants excepted to the decision of the court in striking out their answer, and bring the case here by appeal.

1. This answer was properly stricken out. It alleges, by way of set-off, that the defendants had sustained damages by the fraudulent practices of the plaintiffs, in a transaction which does not appear to have any connection with the notes sued upon. For all that appears, the notes sued upon may have been for some other consideration, ample and adequate. It does not appear from this answer, that the defendants have suffered any injury from the alleged false and fraudulent representations in the purchase of the wares and watches. They have sold the wares and watches for full prices, and they have never been called upon to make good the representations as to the quality and fineness. In the language of the plaintiffs' counsel, "suppose the appellants were permitted to retain the entire purchase money, and also recover the $1,575 on the hypothetical case put by them in their answer, what assurance have we that any occasion would ever arise to refund it to their customers ?"

These notes do not appear to have any connection with the sales made by the plaintiffs below to the defendants below, in which the fraudulent practices were alleged to have occurred; so far, then, as the answer relied upon the frauds in a different transaction therein set forth, it was no defence to this action, and was properly so considered.

2. In regard to the set-off set up in the answer, it was likewise properly stricken out. This question has twice before been settled in this court. In the case of *Johnson* v. *Jones et*

*al.*, decided last July at Jefferson city, and *Mahan* v. *Ross*, at the present term; upon this point, then, reference may be had to these last cases.

The judgment of the court below is affirmed, the other judges concurring.