————o————

John M. Wells, Appellant, vs. John Halpin, Respondent.

1. *Limitations, statute of—Concealment, etc., what will prevent running of statute*—The mere fact that plaintiff, in an action to recover a certain chattel, had been prevented for a period from bringing suit, by the concealment of the property or by other improper acts, will not, under a true construction of the statute, (Wagn. Stat., 920, § 24) prevent the running of the limitation law during that interval, unless it further appear, that such act was that of the defendant himself. Concealment or improper acts of other persons will have no such legal operation.

2. *Instructions—Evidence, etc.*—Instructions not warranted by the evidence should be refused.

*Appeal from the Special Law and Equity Court of Jackson County at Kansas City.*

*Turner & Hill*, for Appellant.

I. This action is not barred by the statute of limitations, as it is clearly within the saving of the statute. (Wagn. Stat., 920, § 24; Arnold vs. Scott, 2 Mo., 14; Harper vs. Pope, 9 Mo., 402, and opinion of Judge Napton in case relied upon by defendant; Taylor's Adm'r vs. Newby, 13 Mo., 164, 165.)

*Tichenor & Warner*, for Respondent.

I. Section 24 of the limitation law evidently refers to acts of the defendant, or those under whom he claims, and of which he had full knowledge. Mere ignorance on the part of plaintiff is not sufficient. (Smith, Adm'r of Taylor, vs. Newby, 13 Mo., 163; Foley vs. Jones, 52 Mo., 64; Allen vs. Mille, 17 Wend., 202; Troup vs. Smith, 20 John., 32.)

WAGNER, Judge, delivered the opinion of the court.

This case was submitted to the court sitting as a jury, upon an agreed statement of facts, from which it appears that during the year 1861 the plaintiff was the owner of the mule in controversy, and while it was in his possession it was forcibly and without authority taken or stolen from him, and that sometime in the year 1862 he saw the mule in the possession of the United States forces, and attempted its recovery, but before anything could be done it was taken away. Where the mule afterwards was, remained unknown to plaintiff till in the summer of 1872, when he found it in the possession of the defendant, who had bought it in good faith about a year previous, from a person who had just brought it from Colorado Territory. Plaintiff and defendant have both resided in Jackson county since 1861.

The action was in the nature of replevin, and the verdict was for the defendant. The only defense relied on was the statute of limitations, and the ruling of the court on that question furnishes the ground of complaint. The refusal by

the court to give the third instruction asked for by the plaintiff, and the giving of defendant's instruction, are insisted upon as error.

Plaintiff's third instruction which was refused, declared the law to be: "That the concealments and improper acts referred to in the 24th section of the statute of limitations, (Wagn. Stat., 920, § 24) such as will suspend the running the statute, are the concealments and improper acts not only of the defendant, but refer as well to those of all under whom the defendant claims, or who have had possession of the property since the same was taken from the possession of the plaintiff; and if then the court believes from the facts in this cause, that from the time the mule was stolen from plaintiff, in 1861, till it was purchased by defendant, such concealments and improper acts existed as prevented plaintiff bringing his action, then such time when such concealments and improper acts existed, cannot be claimed in bar of this action, although the court may believe the defendant had no knowledge or information of such improper acts or concealments; and if the plaintiff has brought his action within five years from the beginning of defendant's *bona fide* possession, and since the concealments and improper acts have ceased to prevent the bringing of an action, then plaintiff is entitled to maintain this suit."

The instruction complained of, which was given for the defendant, is as follows : "If the court sitting as a jury, shall believe from the evidence, that the mule in question had been in the possession of defendant and those under whom defendant claims, for more than five years before the commencement of this suit, then the court should find for the defendant, unless the court further find from the evidence that plaintiff was prevented from bringing his action within the five years by some improper act of the defendant; that the mere ignorance of plaintiff as to the whereabouts of the mule, if such ignorance was not occasioned by the improper conduct of the defendant, will not deprive defendant of the statute of limitations."

The statute of limitations, (Wagn. Stat., 918, § 10) limits the time of bringing an action for the taking, detaining or injuring goods or chattels, or for actions for the recovery of personal property to five years. But the 24th section of the same act provides, that if any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time limited, after the commencement of such action shall have ceased to be so limited. This provision has been several times before this court for adjudication, and the construction universally placed upon it, is, that the statute does not protect plaintiffs who are ignorant of the facts necessary to enable them to bring suits, unless that ignorance is occasioned or brought about by some improper conduct on the part of the defendants.

The case of Arnold vs. Scott, (2 Mo., 14) was an action of trover for bank notes and silver coin, and the court in commenting upon the true meaning of the statute now under consideration, puts this illustration: "Had the defendant, for example, taken a wagon of the plaintiff, and used it on his farm or on the road, it can hardly be imagined that a jury would find it to be such a concealment as to deprive him of the benefit of the estate, (statute) but had he taken it to his house in the night time, and after taking it to pieces, packed it away in a private room, and then kept it locked up for five years, there could be but little doubt that it would be such an act as would defeat and obstruct the plaintiff in bringing his action, so as to deprive the defendant of the benefit of the act."

Taylor's Adm'r vs. Newby, (13 Mo., 159) is a very strong case. There Taylor, who lived in York County, Virginia, owned a negro woman named Louisa. About the spring of 1841 this negro woman disappeared, was supposed to have run away, and to have run away with a strange white man, who had been in the neighborhood and who disappeared at the same time. In the month of March, 1841, one Burgess, a resident of Platte County, Missouri, and then on a visit to

Kentucky, near the line which separates that State from Virginia, hearing that one Gowens, who was largely indebted to him, was just across the line in Virginia, with a negro in his possession, determined to go and get the negro on his demand. He went across the line, found Gowens and the negro, and succeeded in inducing him to let him have the negro in the way of his indebtedness. Burgess immediately returned to Kentucky, and thence forthwith to Missouri, taking with him the negro. After his return to Missouri, Burgess sold the negro woman to one Allen; Allen sold her to one Tetherwoods, and he sold her to the defendants. Louisa had children after she came to Missouri, and they were the subject of the suit. Taylor having died, his administrator brought the action for the recovery of the negroes, five years having intervened from the time the negro was taken.

The court trying the cause refused to instruct for the plaintiff, that if the jury believed from the evidence that the negro woman, Louisa, was stolen from Wm. L. Taylor, of Virginia, and knowledge of the fact that the negro was in Missouri did not come to Taylor or his administrator until five years before the bringing of the suit, they should find that the suit was brought in time to entitle the plaintiff to recover. For the defendant an instruction was given, that if the jury believed from the evidence, that the negroes had been in possession of the defendant, and those under whom he claimed, successively for five years before the bringing of the suit, the verdict should be for the defendant.

Under this ruling the plaintiff took a non-suit and appealed to this court, where the judgment below was affirmed. In this court it was said: "Our Statute does not protect plaintiffs who are ignorant of the facts necessary to enable them to bring suit, unless that ignorance is occasioned by some improper conduct on the part of the defendants. If the defendant absconds or conceals himself, or does any other improper act to prevent the commencement of an action, he is not within the protection of the statute. If he has not done these things, or any of them, he is protected, although as in

Wells v. Halpin.

the present case, the plaintiff may have been guilty of no laches. Between two parties equally innocent, one of whom must sustain a loss, it is not the policy of the law to interpose. There is a section of our statute which makes certain provisions saving the rights of plaintiffs ; but no provision is made for a case like the present. We have no power to interpolate such a saving clause, even if it was thought equitable and just."

And in Foley vs. Jones, (52 Mo., 64) the same doctrine was reiterated, and it was declared : "It may be conceded that the statute does not protect plaintiffs who are ignorant of the facts necessary to enable them to bring suits, unless that ignorance is occasioned by some improper conduct on the part of the defendants." This is now the uniform construction, and no reason is perceived warranting a departure from it. The decision of the court below was in conformity with the established law of this State from the earliest period. Plaintiff's instruction was properly refused, because not warranted by the evidence, if for no other reason.

The mere fact that plaintiff was ignorant as to where his property was, and that in consequence thereof could not bring an action, will not be sufficient in itself to make his remedy availing. It must further appear, that plaintiff was prevented from bringing his action in time by some concealment or improper act on the part of the defendants.

But under proper instructions of law, the court found that no such improper conduct or concealment existed, and the judgment must therefore be affirmed ; all the judges concur except Judge Vories, who is absent.