JOHN T. EOFF, Appellant, *v.* HAMPTON S. CLAY, ADMINIS-
TRATOR, Respondent.

### June 1, 1880.

1. Damages cannot be recovered for injuries occasioned by the act of another, where the plaintiff, by reasonable diligence and exertion, might have avoided the injury.

2. One who voluntarily pays an illegal judgment, obtained against him in an action instituted in his name without his knowledge or consent, cannot recover of him who caused the suit to be instituted.

APPEAL from the St. Charles Circuit Court, EDWARDS, J. *Affirmed.*

CHARLES L. MOSS, for the appellant, cited : *Mayberry v. McClurg*, 51 Mo. 261; *Benecke v. Miller*, 44 Mo. 111; *Miller v. Woodward*, 8 Mo. 130.

McDEARMON & GAUSS, for the respondent, cited : *The State ex rel. v. Powell*, 44. Mo. 436.

BAKEWELL, J., delivered the opinion of the court.

The petition alleges that in 1873 defendant's intestate caused to be brought, in .the St. Louis Circuit Court, an action at law, in which plaintiff and his wife and others were plaintiffs, and David M. Stump and Sarah A. Stump defendants ; that this suit was prosecuted under the personal supervision of said David M. Stump, and for his own ends, and by counsel employed by him, and resulted in a judgment against plaintiff and the other persons named as his co-plaintiffs in that action, for the costs of suit, on which judgment an execution issued, under which the sheriff levied upon four hundred and fifty bushels of wheat belonging to plaintiff, and thereby compelled him to pay, in satisfaction of the execution, $638. Plaintiff alleges that he never authorized the suit, and knew nothing of it until two years after the judgment was rendered against him ; and that he has been put to great trouble and expense in the premises, and asks judgment against Clay, as administrator of Eoff. in the sum of $1,500.

Defendant demurred, on the ground that the Circuit Court of St. Charles had no jurisdiction, and that the petition does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff declined further to plead, and there was judgment for defendant.

If, as plaintiff alleges, a judgment was obtained against him in consequence of the unauthorized appearance of an attorney of the court in which the judgment was rendered, that judgment was open to a direct attack, if fraudulently and wrongfully obtained, without fault or negligence on the part of the plaintiff in this action. A direct action in equity undoubtedly lies against a judgment obtained by the unauthorized appearance of an attorney, if brought with all possible speed after the judgment is rendered. *Thomas v. Steele*, 22 Wis. 207; *Bryant* v. *Williams*, 21 Iowa, 329; *Truett* v. *Wainwright*, 9 Ill. 418; *McKelway* v. *Jones*, 17 N. J. L. 345; 7 Iowa, 321.

Plaintiff might have applied to the Circuit Court to restrain the sheriff from executing his writ; and if he chose to use no diligence to arrest the effect of the injury done him, he cannot recover for a loss which he voluntarily underwent, and which, by reasonable exertion and the assertion of his rights, he might have averted. *The State ex rel.* v. *Powell*, 44 Mo. 439. Had he fully established his right to relief, and set aside this judgment in a direct proceeding, he might then have proceeded against the attorneys, or against those who instigated them, for any actual damage, at least, that he could show he had sustained. If this were an action for damages sustained in consequence of an action wrongful in itself and directly affecting the property rights of plaintiff, and for which, therefore, an action might instantly be maintained without proof of actual damage, the period of limitation would begin to run from the time when the act was done, without regard to any actual damage or to any knowledge by the party injured. 2 Greenl. on Ev., sect. 433. When an injury is complete

as a legal injury at the time of the act, the period of limitation at once commences. The action would then, in the present case, be barred, as the suit alleged to have been wrongfully instituted in plaintiff's name was commenced not later than January, 1873, and the petition in their action was filed on December 5, 1878. But when the act is not legally injurious until certain consequences occur, the period takes date from the consequential injury. The injurious consequences, in such a case, are not mere aggravating circumstances, enhancing a legal injury already inflicted, nor the mere development of such injury, but they are an indispensable element of the injury itself. *Bank* v. *Waterman*, 26 Conn. 324. Here the damage was so essentially the cause of action that without it the suit could not be maintained. There was no positive and wrongful invasion of the property rights of plaintiff in beginning a suit in which, with others, he was made a party plaintiff without his authority. The case, in the absence of any proof whatever of loss or damage to plaintiff, is as if a slander not actionable without proof of special damage had been uttered against him, or as if a false representation had been made to him by which he is not shown to have been harmed. In case of a violation of a private right, damages in many cases may be presumed ; but in a case such as the one before us we apprehend that damages will not be presumed, and that the ensuing damage is essentially the ground of action.

But the damages here alleged were not the direct and natural consequence of the wrongful act complained of, but the consequence of the supineness of plaintiff in neglecting the obvious remedy within his reach. He cannot recover the amount he paid the sheriff on this judgment, because if the judgment was obtained, as he says, by a fraud upon the court, it must have been set aside had the plaintiff resisted the collection of the execution, and taken the proper steps to attack the judgment. Even a wrong-doer is not

always liable for remote consequences of his wrongful act. One who breaks a window will not, on that account, be liable for consequent injury to the house and furniture, if the owner stands by and, without an effort to stay the damage, allows the rain to beat into the room.

What has been said disposes of the case, and makes it unnecessary to examine other questions upon which counsel for respondent appear mainly to rely.

The judgment is affirmed. All the judges concur.