DAVIS GARRETT, Plaintiff Appellant, v. JARVIS CONKLIN & Co., Defendants Appellant.

Kansas City Court of Appeals, January 30, 1893.

1. **Practice, Appellate:** TRIAL BY COURT: EVIDENCE AND FINDING. Where the trial is before the court without instructions, the only question for the appellate court is whether there was evidence to sustain the court in its finding.

2. **Action:** COLLECTION: AGENCY. Where an assignee of a mortgagee gave the papers to the latter with directions to have them foreclosed, knowing he would have to send them to a distant state, and his agent in such state collected and promptly remitted the money to the mortgagee, the assignee cannot maintain an action against the agent for money had and received.

3. **Limitation:** MONEY HAD AND RECEIVED. An action for money had and received is barred by the five years' limitation, and plaintiff's ignorance of his cause of action will not affect the running of the statute in the absence of concealment, etc.

4. ———: TRUSTS: MORTGAGEE AND ASSIGNEE. While the mortgagee is trustee of his assignee of the note secured by the mortgage, such trust is within the statute, as only technical and continuing trusts fall without the statute.

5. **Practice, Trial:** LAWS OF SISTER STATES. The laws of a sister state must be alleged and proved as an issue of fact, or they will not be considered by the courts.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED *(in part);* REVERSED *(in part).*

*Beardsley & Gregory,* for appellant.

(1) So far as the second count is concerned, the trial having been by the court, a jury being waived, and no instructions asked on behalf of the plaintiff, there are no errors of law for this court to review; and the verdict must stand if there was any evidence to support it. *Schultz v. Hickman,* 27 Mo. App. 25; *Garrison v. Lyle,* 38 Mo. App. 566; *Irwin v. Woodmansee,* 104 Mo. 403. (2) What is the law of the sister state is a fact to be proved, like any other fact, by appropriate evidence. *Meyer v. McCabe,* 73 Mo. 236. It cannot be presumed that the common law is in force there. *Bain v. Arnold,* 33 Mo. App. 631. (3) The authorities, depended upon to show that the statute of limitation is not a bar on both counts of plaintiff's petition, do not bear out the contention made. The cases of *Landis v. Saxton,* 105 Mo. 491, and *Shortridge v. Harding,* 34 Mo. App. 354, clearly make the distinction between such a case and the one at bar. As a further authority, that the party having elected to sue at law for money received to his use, cannot in the same suit raise the question of fraud, having waived it, we refer to a recent decision by this court. *Lumber Co. v. Hartman,* 45 Mo. App. 656.

*John L. Wheeler* and *Botsford & Williams,* for respondent.

(1) It is the general and well-established law that, where a bond or note, which the mortgage is given to secure, is indorsed or assigned, the mortgagee

becomes the trustee for the person holding it.  *Laberge v. Chauvin*, 2 Mo. 180; *Anderson v. Baumgartner*, 27 Mo. 87; *Grove v. Robards*, 36 Mo. 525; *Potter v. McDowell*, 43 Mo. 98; *Foster v. Porter*, 37 Mo. 534; *Ins. Co. v. Talbott*, 113 Ind. 373; *Barrett v. Hinckley*, 124 Ill. 32; Jones on Mortgages [2 Ed.] secs. 817, 818, and cases cited; *Jackson v. Willard*, 4 Johns. Ch. (N. Y.) 40; *Ferris v. Hendrickson*, 1 Ed. Ch. (N. Y.) 132; *Peak v. Elliott*, 30 Kan. 156; *Scates v. Wilson*, 9 Leigh (Va.) 473.  (2)  The receipt of the money by defendants in satisfaction of the mortgages of Walch and Hymer having been had without the knowledge or consent of plaintiff, and before the maturity of the mortgage debts of which plaintiff was the legal owner, the statute of limitations would not begin to run in favor of defendants as against plaintiff, until defendants set up an adverse claim to the fund, of which plaintiff had knowledge or the means of knowledge. *Battle v. Crawford*, 68 Mo. 280; *Bent v. Priest*, 86 Mo. 488, 489; *Landis v. Saxton*, 105 Mo. 491-2; *Oliver v. Piatt*, 3 How. (U. S.) 411; Perry on Trusts, secs. 230, 861, and cases cited; *Lyle v. Kennedy*, 14 Mo. App. 437; *Richardson v. Warner*, 28 Fed. Rep. 343.

ELLISON, J.—This is an action for money had and received based on a petition with two counts.  The trial below was without a jury and resulted in a finding for plaintiff on the first count and for defendant on the second count.  Both parties appeal.

In 1881 a loan of $800 was made by defendants to one Walch, who was living in Kansas.  The loan was secured by a note and real-estate mortgage executed to R. R. Conklin, one of defendants' stockholders and officers.  In the same year and about the same time, another loan of $800 was made by defendants to one Hymer, who also lived in Kansas.  This loan was like-

wise secured by a note and real-estate mortgage executed to David Hood, of West Chester, Pennsylvania. It was claimed upon the one hand that both the loans were made for Hood, and upon the other that both were made for defendants. However this may be, the note and mortgage payable to Conklin was indorsed in blank by Conklin and sent by defendants to Hood, along with the note and mortgage taken in Hood's name. Hood returned the money on them to defendants. Hood sold and delivered both these notes and mortgages to this plaintiff, who received the interest due upon them through Hood, up to 1883, when a default was made in the interest. Plaintiff then delivered over to Hood the Hymer note and mortgage, sued upon in the second count; with instructions to foreclose the mortgage. Hood sent the papers out to these defendants at Kansas City, requesting that the foreclosure be made, and also requesting the foreclosure of the Walch mortgage, notwithstanding it was in plaintiff's possession. Defendants employed an attorney in Kansas and ordered the foreclosure of both mortgages, which was done, and the money in satisfaction of the mortgages was sent to defendants in December, 1883, Conklin releasing one of them and Hood the other. Upon receipt of this money defendants forwarded it to Hood at West Chester. Plaintiff did not learn of the part defendants took in these proceedings until some time in 1888, and it seems did not know that any steps were being taken by anyone on the Walch note and mortgage which he retained. On ascertaining that defendants had collected the money on the notes, he began this suit for money had and received.

The count upon which the finding was against plaintiff was for the Hymer note, taken in the name of Hood and sent to Hood, and which was afterwards

turned over to Hood by plaintiff to be foreclosed. The trial was before the court without a jury, and no declarations of law were asked, which leaves for us only the question, on this count, whether there was evidence to sustain the court in its finding. Our answer is in the affirmative. There is sufficient in plaintiff's own testimony to justify the court in finding against him. He delivered the note and mortgage to Hood for collection by legal proceedings. It will be assumed that he knew this would have to take place in Kansas, and that it would be necessary for Hood to send them out there to some one to look after. Hood sent them to these defendants, who immediately did as requested, and, upon realizing the money, forwarded it to Hood, from whom they received it. We fail to see any valid reason for disturbing the court's finding on this count.

On the first count the finding, as before stated, was for the plaintiff, and as, in the view of the law with which we are impressed concerning the statute of limitations, the case will turn on that plea set up by defendants we will not notice other points made and discussed by the respective counsel.

It must be borne in mind that, whatever remedy or remedies plaintiff may have been privileged to resort to against these defendants on the facts, he has chosen to bring his action for money had and received by defendants and not paid over. No wilful wrong is charged; nor is any fraud or concealment alleged. The case, therefore, does not fall within the exception of either of sections 6775 or 6789 of the limitation act. And such an action is undoubtedly barred by our statutory period of five years' limitation. But plaintiff, by an amendment to his petition, made at the close of the evidence, alleges that defendants collected the money due on the note and mortgage without authority

from plaintiff, and that he did not discover that the defendants had collected it until May 23, 1888, a period within the five-year limit. To this we answer that the fact of plaintiff's ignorance of his right or cause of action will not affect the running of the statute, in the absence of some improper act of concealment on the part of defendants, causing or inducing such ignorance. *Smith v. Newby*, 13 Mo. 159; *Wells v. Halpin*, 59 Mo. 92; *Rogers v. Brown*, 61 Mo. 187; *Moore v. Mining Co.*, 80 Mo. 86. The statute itself has made the exceptions to the running of the limitation which the law-making power deemed expedient. The ignorance of one's rights, or of a party to proceed against, is not among these exceptions, and it is not our province to supply it. *McIvor v. Ragan*, 2 Wheat. 29. We consider the case as it is made by the petition; that being, as before stated, for money had and received. If the case had been brought in conversion, and the fraud (though it should be constructive), in converting the money had been the cause of action, it would have presented a question discussed in some of the books and referred to in *Miles v. Berry*, 1 Hill (S. C. Law) 296.

Plaintiff, however, seeks to bring these defendants under the rule governing trusts, asserting them to be trustees, in whose favor the statute would not run. He does this by showing that a mortgagee who sells the note secured holds the mortgage as a trustee for the holder of the note, and, if he receives the money due on the mortgage and note, he holds it as a trustee. We may grant this. But such a trust is palpably not of the class to which the statute has application. The trusts to which the statute does not apply are those technical and *continuing* trusts which are never cognizable at law, but belong to the equity courts exclusively. *Kane v. Bloodgood*, 7 John. Ch. 90; *Keeton v. Keeton,*

20 Mo. 530; *Smith v. Ricords*, 52 Mo. 581; s. c., 56 Mo. 553; *Shortridge v. Harding*, 44 Mo. App. 354; *Landis v. Saxton*, 105 Mo. 486. Other trusts fall within the statute; and these embrace the mortgagee holding the mortgage, and to whom the money thereon is paid, for the benefit of the assignee of the note secured thereby.

In considering this case we have left out of view altogether the laws of Kansas, since there was no proof or evidence in the record of what those laws were. The law of a sister state may be alleged and become an issue of fact; but there must be, of course, evidence to sustain the issue.

From the whole case we shall affirm the judgment rendered in favor of defendant on the second count, and reverse the judgment against defendant on the first count. All concur.

