MIKE BISESI, APPELLANT, V. FARM AND HOME SAVINGS AND LOAN AS-
SOCIATION OF MISSOURI, A BUILDING AND LOAN CORPORATION, RE-
SPONDENT.—78 S. W. (2d) 871.

St. Louis Court of Appeals.   Opinion filed February 5, 1935.

Rehearing Denied February 19, 1935.

Writ of Certiorari Denied April 16, 1935.

*Jacob F. Pfeffle* and *Lee, Fricke & Lee* for appellant.

*Ewing, Ewing & Ewing* and *Bryan, Williams, Cave & McPheeters* for respondent.

BECKER, J.—This is an appeal in a suit for money had and received from the action of the trial court in setting aside a judgment in favor of plaintiff and sustaining motions of the defendant for new trial and in arrest of judgment.

Plaintiff's petition, filed June 4, 1931, alleges that he "deposited with defendant under the writing set out in the next succeeding paragraph, the sum of two thousand ($2,000.00) dollars, which said sum so deposited and received by defendant has not been returned to plaintiff up to the date of the filing of this suit, notwithstanding repeated demands therefor, nor has defendant delivered to plaintifftiff the shares in said writing mentioned:

"$2,000.00 . Nevada, Mo., 12/20 1923.

"Received of Mike Bisesi two thousand dollars for 20 shares fully paid.

"Farm and Home Savings and Loan Association of Missouri.
"By (Signed) Vosburgh.

"Wherefore, the premises considered, plaintiff demands judgment against defendant for money had and received in the sum of two thousand ($2,000.00) dollars, together with interest at six per cent from the said 20th day of December, 1923, together with his costs in this behalf herein reasonably expended."

The defendant's answer was a general denial coupled with a plea

that plaintiff's cause of action, if any, was barred by the five-year Statute of Limitation. Plaintiff's reply was conventional.

At the trial of the case and prior to the introduction of any evidence, counsel for defendant offered a demurrer *ore tenus* to the introduction of any evidence on the ground that it appears from the face of the petition that plaintiff's cause of action is barred by the five-year Statute of Limitation, under sec. 862, Rev. Stat. of Mo. 1929 (Mo. Stat. Ann. sec. 862, p. 1143), which demurrer the Court overruled.

At the trial to a jury plaintiff himself testified that on December 20, 1923, he had paid the defendant the sum of two thousand dollars for twenty shares fully paid stock of the defendant company, and had received from defendant's agent the receipt set out in plaintiff's petition; that he had never received the stock nor had he ever gotten back his two thousand dollars or any part thereof; that in March, 1931, he found the said receipt in his safe deposit box and turned it over to his attorney who took it to the defendant company, where his attorney learned that the Franklin-American Bank had surrendered to defendant company a certificate for twenty shares of stock made out in plaintiff's name and allegedly endorsed by plaintiff, and that the said Franklin-American Bank had been paid by defendant the full amount due on said twenty shares of stock. Plaintiff further testified that he had not cashed such certificate nor caused it to be cashed, and that the signature purporting to be his on the back of the said certificate was not in fact his signature.

Defendant admitted the receipt of two thousand dollars from plaintiff on the date alleged, and the issuing of the receipt therefor, set out in plaintiff's petition.

Clifford R. Vosburgh, an agent and employee of the defendant company, testified that he had personally delivered the certificate called for in plaintiff's said receipt to the plaintiff within several days after having received the money from plaintiff, but that plaintiff did not return to him the said receipt. This witness explained that a fully paid certificate in the defendant company "runs for four years and pays six per cent interest semiannually."

At the close of plaintiff's case, and again at the close of the entire case, defendant requested an instruction in the nature of a demurrer, each of which was refused.

Upon submission of the case to the jury a verdict was returned for the full amount sued for together with interest. In due course defendant filed its motions for new trial and in arrest of judgment. The Court sustained the motion for new trial on the following grounds:

"4. The Court erred in overruling defendant's objection to the introduction of any testimony upon the ground that it appears

upon the face of the petition in this cause that defendant's action accrued more than five years prior to the commencement of this action and is barred by Section 862 of the Revised Statutes of Missouri, 1929.

"5. The Court erred in refusing to give the instruction in the nature of a demurrer to the evidence offered by defendant at the close of plaintiff's case.

"7. The Court erred in refusing to give the instruction offered by defendant at the close of all the evidence directing the jury to return a verdict in favor of defendant."

The Court also sustained the motion in arrest of judgment on both grounds set up therein, namely:

"1. That it appears from the face of the petition that plaintiff's cause of action accrued more than five years prior to the filing of this suit and is barred by the Statute of Limitations, to-wit: Section 862 of the Revised Statutes of Missouri, 1929.

"2. That it appears from all the pleadings in this case that plaintiff's cause of action accrued more than five years prior to the commencement of this action and is barred by the Statute of Limitations, to-wit: Section 862 of the Revised Statutes of Missouri, 1929."

At the outset it is to be noted that counsel for appellant and counsel for respondent are in accord that upon the happening of the breach of the contract herein sued upon plaintiff had his election to affirm the contract and sue for specific performance thereof, or for damages for such breach, or to disaffirm the contract and sue for a return of the purchase price, and that plaintiff elected to rescind the sale contract and to sue defendant for a return of the purchase price in an action for money had and received.

In light of the testimony in the case and the fact that plaintiff's action was begun over seven years and five months after the date of the purchase and sale of the stock, it is essential that we determine whether the character of plaintiff's action is such as to fall within the five-year or the ten-year Statute of Limitation.

Appellant insists that "the defense of the Statute of Limitation is never looked upon with favor by courts. Numerous cases so hold." To the contrary, as was held by our Supreme Court in Shelby County v. Bragg, 135 Mo. 291, loc. cit. 300, 36 S. W. 600, statutes of limitations are favored in the law and cannot be avoided unless the party seeking to do so brings himself directly within some exception.

As numerous cases point out, Statutes of Limitations promote repose by giving security and stability to human affairs; they stimulate promptness and punish negligence; their object is to suppress fraudulent and stale claims from being asserted after long lapses of time when perhaps the necessary vouchers and evidence are lost,

or when the facts have become obscure, or the memory of witnesses defective, or when witnesses may no longer be available either by reason of death or because their whereabouts have become unknown.

Section 861, Rev. Stat. of Mo. 1929 (Mo. Stat. Ann. sec. 861, p. 1139) provides, among other things, that "an action upon any writing, whether sealed or unsealed, for the payment of money or property, . . . and actions for relief not herein otherwise provided for," shall be commenced within ten years; and sec. 862, Revised Statutes of Missouri 1929 (Mo. Stat. Ann. sec. 862, p. 1143), provides that "all actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 861 . . ." shall be commenced within five years.

The action for money had and received has always been regarded as an action *in assumpsit*, based upon a promise to repay which the law implies, where one has possession of money which in equity and good conscience belongs to another. [Lipman-Wolfe & Co. v. Phoenix Assurance Co., Ltd., 258 Fed. 544.]

"Having money that rightfully belongs to another, creates a debt; and whenever a debt exists without any express promise to pay, the law implies a promise, and the action always sounds in contract." [Byxbie v. Wood, 24 N. Y. 706, loc. cit. 610.]

In actions for money had and received "the law, operating on the act of the parties, creates the duty, establishes the privy and implies the promise and obligation, on which the action is founded." [Brewer v. Dyer, 7 Cush. (Mass.), 337 l. c. 340.]

With reference to the receipt relied on for the basis of plaintiff's action, unquestionably plaintiff could at his option have sued for the delivery of the stock, since the law implies a promise on the part of the defendant that it will deliver the stock mentioned therein, in which event the ten-year Statute of Limitation would have been controlling, for what the law implies in an express contract is as much a part of the contract as if it was stated in the contract in direct terms. [Herwick v. Rhodes (Mo.), 34 S. W. (2d) 32; Home Ins. Co. v. Merc. Tr. Co., 219 Mo. App. 645, 284 S. W. 834.] But plaintiff elected to disaffirm the contract and chose as his remedy his present action as for money had and received, in which action the promise of payment arises only by proof of extrinsic facts and not from the instrument itself, namely, the receipt. But where evidence *aliunde* must be sought to establish such promise, namely, the implied *assumpsit*, the cause of action is governed by the five-year Statute of Limitation. [Babler v. Rhea (Mo. App.), 202 S. W. 604; Lorberg v. Jaynes (Mo. App.), 298 S. W. 1059; Parker-Washington v. Dennison, 267 Mo. 199, 183 S. W. 1041; Curtis v. Sexton, 201 Mo. 217, l. c. 230, 100 S. W. 17; Ball v. Cotton Press, 141 Mo. App. 26, 121 S. W. 798.]

In the State of Oregon a limitation of six years is placed by statute for the commencement of actions "on a contract or liability express or implied," which Oregon statute is practically identical with our own section 862 prescribing a five-year limitation. It has been held that the Oregon six-year Statute of Limitation applies to actions for money had and received. [Lipman-Wolfe & Co. v. Phoenix Assurance Co., Ltd., supra.]

So, too, in Kentucky, it has been held that an action for money had and received was governed by the Statute of Limitation applicable to cases "arising on a contract express or implied." [Clark v. Logan County, 138 Ky. 676, 128 S. W. 1079.]

In our own State in the case of Garrett v. Conklin, 52 Mo. App. 654, it was specifically held that "it must be borne in mind that, whatever promise or promises plaintiff may have been privileged to resort to against these defendants on the facts, he has chosen to bring his action for money had and received by defendants and not turned over, . . . and such an action is undoubtedly barred by our statutory period of five-year limitation." This ruling we adhere to as sound both upon reason and authority.

A Statute of Limitation begins to run when a cause of action has accrued to the person asserting it, and a cause of action accrues when a breach of duty has occurred or when a wrong has been sustained such as will give a right then to bring and sustain a suit. [Schrabaury v. Engraving Products (Mo. App.), 25 S. W. (2d) 529; State ex rel. v. Logan, 195 Mo. App. 171, 190 S. W. 75; Boyd v. Buchanan, 176 Mo. App. 56, 162 S. W. 1075; Eoff v. Clay, 9 Mo. App. 176; Clay v. Walker (Mo. App.), 6 S. W. (2d) 961.]

In the case before us no definite time was set for the delivery of the certificate to plaintiff by defendant, and in this situation it is ordinarily presumed that a reasonable time is intended and limitation begins to run after such reasonable time. [Page, Contracts, vol. 6, sec. 5992, p. 3434.]

While ordinarily the question of whether rescission has been made within a reasonable time is one for the jury, yet where the facts are admitted and the lapse of time is such "that fair-minded men with a knowledge of the circumstances of the case would not hesitate to hold the delay unreasonable, it becomes the duty of the Court to declare it such as a matter of law." [Emery v. Shoe Co., 167 Mo. App. 703, 151 S. W. 704, 55 Corpus Juris 359.]

Since we rule that plaintiff's cause of action is subject to the five-year Statute of Limitation and plaintiff did not file his suit until more than seven years and five months had elapsed from the date upon which plaintiff paid to the defendant the money herein sought to be recovered, and no facts are set up in the petition to bring the delay in filing the action within an exception of the statute

(Burrus v. Cook, 215 Mo. 496, l. c. 503, 114 S. W. 1065; Amer. Radiator Co. v. Plumbing & Heating Co., 277 Mo. 548, l. c. 552, 211 S. W. 56; Dennig v. Meckfessel, 303 Mo. 525, 261 S. W. 55), it becomes essential to determine when plaintiff's cause of action accrued to determine whether his action was barred by limitation prior to the filing thereof.

What, then, was a reasonable time beyond which, as a matter of law, the defendant must be held to have breached its agreement to deliver the twenty shares of stock to plaintiff, and thereby have given plaintiff an election of his cause of action?

Upon the conceded facts in this case, to rule that plaintiff had filed his suit within the five-year period of limitation we would have to hold that over two years and five months were available to defendant as a reasonable time within which to make delivery of the stock. To so hold is out of the question. The issuing of certificates of stock in a corporation, resident of the State, is a matter in the ordinary course of business that usually requires but a few days' time, and clearly a period of over two years and five months is so far beyond what in any event could be held to be reasonable time for the defendant to have issued the stock, that it needs neither argument nor authority to support a holding that as a matter of law defendant must be held to have breached its agreement to deliver the certificate of stock to plaintiff and that plaintiff's right of action accrued much short of said period of time. It follows that plaintiff's cause of action was barred by the five-year Statute of Limitation long prior to the date upon which he filed his suit.

In light of what we ruled above the trial Court erred in overruling defendant's demurrer *ore tenus* offered at the opening of the trial, as well as having erred in overruling defendant's demurrer offered at the close of the case. The action of the trial Court in sustaining defendant's motions for new trial and in arrest of judgment should be sustained. It is so ordered. *Hostetter, P. J.,* and *McCullen, J.,* concur.