## OLOF JOHNSON'S ADMINISTRATORS

*v.*

## HENRY VAUGHN.

65   425
23a   62
65   425
64a   458

1. CONTRIBUTION—*right of, from co-surety not defeated by taking collateral which proves unavailing.* On bill by one surety against a co-surety to compel him to contribute his share of the debt paid by the complainant for their principal, it appeared that one of the co-sureties had placed

in the hands of the complainant a note on a third party, to indemnify him against loss by reason of his suretyship; that this note was of but little or no value, the maker and indorser being insolvent, and that nothing had been realized from it: *Held*, that the complainant, by taking such security, did not lose his right to claim contribution; that all the obligation resting on him was, if the collateral was available, to account to his co-surety for his just proportion; and that, should he, after contribution, collect it, or any part thereof, an action would lie against him by the co-sureties for their just proportion.

2. PARTIES IN CHANCERY—*bill to enforce contribution by a surety.* On a bill in equity, by one surety against a co-surety, to enforce contribution, the principal, and other sureties who are insolvent, are not necessary parties.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. JOHN I. BENNETT, for the plaintiffs in error.

Mr. P. H. SANFORD, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in equity, in the Knox circuit court, to compel contribution from Olof Johnson, under the following circumstances: One Richard H. Lynam being indebted to S. Hubbell Reynolds in the sum of four hundred dollars, executed his note to Reynolds for the amount, on the 5th day of February, 1867, with Lavina Lynam, William H. Lynam, the complainant, Henry J. Vaughn, and Olof Johnson, as sureties; that suit was brought on the note before the police magistrate of Galesburg, and all the parties served except Johnson. Judgment was rendered by the police magistrate against all the parties served, and a *fi. fa.* in due time was issued upon the judgment, and placed in the hands of a constable for collection. Vaughn, being notified of this fact, in May, 1869, paid the amount of the execution in full, and now seeks contribution from Johnson. After the bill of complaint

was filed, Johnson died, and the suit was revived against his administrators. Lavina Lynam, one of the co-sureties, paid complainant one hundred and fifty-four dollars on account of her contributory share, and the other Lynams are insolvent, and so is Lavina.

It appeared that William H. Lynam, one of the co-sureties, placed in complainant's hands, in the fall of 1869, as collateral, a note, executed by A. W. Wade to Lavina Lynam, for the sum of five hundred and sixty dollars, payable March 1, 1870, with ten per cent interest, and dated March 31, 1868. The note, as appears by the receipt given by complainant, was placed in his hands to secure him against any loss by his having signed the Reynolds note, with the understanding it was to be returned to her whenever the Reynolds note should be paid by Lavina Lynam.

The testimony shows this note was of but little, if any, real value. It was given in consideration of a tract of land sold Wade by Lavina Lynam, which was covered, at the time of the execution of the note, by a mortgage made by the payee on the land for its full value, and which she was unable to remove, and that Wade had no more personal property than the law exempted from execution, and no real estate, and was otherwise in debt.

Appellants contend that taking this collateral by complainant, exonerated his co-surety, Johnson, from his obligation to contribute. We know of no rule of law or equity forbidding a co-surety from taking collateral security. All the obligation resting upon him, if the collateral is available, is to account to his co-surety for his just proportion. Appellee has never denied the right of appellants to participate in the avails of this note, should there hereafter be anything realized from it. His offer to deposit it with a third party, for the joint benefit of himself and appellants, is all that could or ought to be required of him. Should he collect it, or any part of it, an action would lie against him, by appellants, for their proportion. No *laches* can be imputed to complainant

for not collecting from the Lynams, for the proof is conclusive of their utter insolvency. The officer who had the execution in charge, before demanding the amount of complainant, had, in vain, sought for property of the Lynams, on which to levy it.

We can not imagine a clearer case of a right to call upon a co-surety for contribution than this.

Something is said by appellants about the omission to make the Lynams parties to this bill. They being insolvent, were not necessary parties. This is the uniform doctrine in equity, where the object sought is a pecuniary contribution only. Story's Eq. Pl. sec. 169.

The decree is affirmed, there being no error in the record.

*Decree affirmed.*