WM. MOSELY, Appellant, v. THOS. FULLERTON *et al.*, Respondents.

Kansas City Court of Appeals, November 5, 1894.

1. **Principal and Surety:** CONTRIBUTION: COSURETY'S SECURITY. The fact that the cosurety who pays the debt has in his hands an indemnity other than money, and more or less valuable, will not prevent him from suing a cosurety for contribution, and recovering such amount as he is then entitled to, irrespective of the sum that may be realized from the indemnity; but he will be accountable to the cosurety for a proper proportion of whatever sum he may afterwards realize from the indemnity.

2. ———: ———: ———: SURETY'S RIGHT OF ACTION.  When a surety discharges a debt, he acquires a right of action against the principal for the entire amount and also against his cosurety for his proportionate part; principal and surety are his separate debtors and payment by either would partially or wholly satisfy the claim against the other; but mere security by either does not destroy the right of action against the other.

3. ———: ———: ———: INSOLVENCY OF PRINCIPAL.  The paying surety in an action against his cosurety does not have to prove the insolvency of the principal.

4. ———: ———: SET-OFF: CONTRIBUTION OF COSURETY.  If the paying surety is sued by his cosurety on an ordinary debt, he may set off the cosurety's liability to contribute against the debt.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*A. W. Brewster* and *Huston & Parrish* for appellant.

(1) There is no evidence, not an iota, that the principal in the bond was insolvent, or that respondents were compelled to pay. Nor is there any evidence that their cosureties ever authorized them to pay anything for their principal, or to accept the note and deed of trust from McGeorge. *Bell v. Boyd,* 13 S. W. Rep. 223; *Pearson v. Duckham,* 3 Litt. 385; *Schmidt v. Coulter,* 6 Minn. 492; *Morrison v. Poyntz,* 7 Dana, 307; *Poignard v. Vernon,* 1 Monroe, 45; *Skrainka v. Roan,* 18 Mo. App. 340–343; Brandt, Sureties, secs. 244–254. (2) The agreement of the parties, testified to by respondent Thomas Fullerton, and the execution of the note to respondents in proof for $782.60, for the total indebtedness of McGeorge to respondents, including the $259.25, and the deed of trust to secure the same, without the consent of respondents' cosureties, released them from any obligation to pay respondents any part of the $259.25 included in said note. The respondents having agreed to take McGeorge for the debt, the sureties have no remedy against him, and hence are not responsible to respondents. *Bell v. Boyd, supra; Chilton, Adm'r v. Chapman,* 13 Mo. 470; *Noble v. Blount,* 77 Mo. 241; *Mason v. Lord,* 20 Pick. (37 Mass.), 447; *Bizzle v. White,* 13 Ala. 422; *Coakney v. Summers,* 39 Mass. 117–120; *Taylor v. Morrison,* 26 Ala. 728; Am. and Eng. Encyclopedia of Law, note page 4. (3) A surety who is fully indemnified must look to his indemnity and not to his cosureties. *Mor-*

*ris v. Taylor*, 21 Ala. 779; *Goodloe v. Clay*, 6 B. Monroe, 236; *Ramsey v. Lewis*, 33 Barb. 403. (4) The evidence is explicit that the note and deed of trust given by McGeorge and accepted by respondents were given for the entire indebtedness of McGeorge to them including the $259.25, and that McGeorge's sureties were to be released from any liability on his bond. *Fletcher v. Jackson*, 23 Vt. 581; *Boachand v. Dias*, 3 Dino, 238–241; *Mason v. Lord*, 20 Pick, 447; (5) The right to demand contribution is the result of general equity, resting on the ground of equality of burden and benefit. It necessarily follows, therefore, that contributions will not be enforced where it would be inequitable. *McDonald v. McGregor*, 3 Pt. U. S. 470; *Van Patten v. Richardson*, 68 Mo. 379; *Tyson v. DeJarnet*, 6 Ala. 208; Brandt on Suretyship, 321, sec. 228. (6) The respondents swore that the $259.25 of which they ask contribution is included in the note given by McGeorge to them for $782.62 and that the deed of trust given by McGeorge to respondents was given to secure it; the security, therefore, to say the least, inured to the benefit of respondents' co-securities as well as to themselves, though their co-securities are not mentioned in the deed, and the respondent can not have contribution until they have exhausted the security. *Toll v. Roeckler*, 12 Mo. App. 54–63; *Haven v. Foley*, 18 Mo. 136; *Price v. Morton*, 19 Mo. 263; *Haven v. Foley*, 19 Mo. 632; *Chilton v. Chapman, supra; Smyth v. Coulter*, 6 Minn. 492; *Morrison v. Poyntz*, 7 Dana, 307–310; *Seibert & Links v. Thompson*, 8 Kan. 65, and cases cited; *Lane v. Stacy*, 8 Allen (Mass.), 41; *Agnew v. Bell*, 4 Watts (Pa.), 31; *Low v. Smart*, 5 N. H. 235, and authorities cited. Brandt on Sureties, secs. 282–283; *Lane v. Stacey*, 8 Allen (Mass.), 41; *Coakney v. Summer, supra*; 2 Randolph, 514; Story, Eq. Juris., sec. 499. (7) Ap-

pellant did not owe the respondents anything, and at most, in all probability, never would owe them anything on this claim. Respondents can not recover of appellant and his principal too. *Goodloe v. Clay, supra; Agnew v. Bell, supra; Bachelder v. Fisk*, 17 Mass. 464; Leading Cases in Equity, 103, and authorities cited on points 1 and 2; *Fletcher v. Jackson, supra.* (8) The pretended indebtedness of appellant to respondents is unliquidated, and can not be set off against plaintiff's debt. *Brake v. Corning*, 19 Mo. 125, and cases cited; *McAdow v. Boss*, 53 Mo. 199; *Gilbert v. Eldridge*, 65 Mo. 584. If respondents did not have a cause of action against McGeorge when appellant instituted his suit, he could not have his action against appellant. If the debt from McGeorge to respondents was not due, respondents could not maintain their set-off against appellant. A debt not due is not a subject of set-off. *Smith, Assignee, v. Spengler*, 83 Mo. 408.

*C. F. Strop* for respondents.

(1) The matter pleaded by respondents was a proper matter of set-off or counterclaim. It arose on contract, and the damages were liquidated, and it required a mere calculation to determine the amount of respondents' claim. Damages are said to be unliquidated when their amount is to be determined by the mere opinion of the court or jury, and not by calculation. In this case, the parties had themselves determined the amount of damages prior to this suit. R. S. 1889, sec. 2050; *Kamerich v. Castleman*, 23 Mo. App. 481; Bliss on Code Pleadings [2 Ed.], sec. 377. (2) The appellant, in his brief, cites some authorities upon his fourth proposition, to show that where a note and deed of trust are executed by principal to the surety, who makes good the default, with the agree-

ment from the surety that the cosureties are to be released, such acts will constitute a release. Respondents do not controvert the legal proposition, if there were any such facts in this case. (3) That contribution will not be enforced where it would be inequitable, and the correctness of the authorities cited to sustain that position are not questioned by respondents, but respondents fail to see where they have any application under the evidence in this case. (4) It is not necessary to allege or prove that the principal was insolvent, before the surety can compel contribution. (5) The weight of authority is that the fact that the surety has in his hands indemnity, other than money, will not prevent him from suing for contribution and recovering such amount as he is then entitled to, irrespective of the sum that may afterwards be realized from the indemnity, but he will be held to an accounting, if anything is realized from the indemnity. Brandt on Suretyship [2 Ed.], sec. 274, see authorities therein cited. *Johnson's Adm'rs v. Vaughn*, 65 Ill. 425. (6) The numerous authorities cited by appellant upon his sixth proposition simply hold that, where a surety holds in his hands an indemnity other than money, it will inure to the benefit of all of the sureties, which proposition respondents admit to be right. Not one of the citations sustain the proposition advanced by appellant. (7) The case of *Smith v. Spengler*, 83 Mo. 408, holds that one debt which is due may be offset against another debt which is past due. The appellant has cited no case holding that the taking of a note by surety from the principal will prevent contribution until the maturity of the note. The right of surety to compel contribution from cosurety is independent of the right of action of surety against principal.

STATEMENT BY GILL, J.

Plaintiff Mosely sued the defendant Fullerton for the keep of a horse. The Fullertons did not dispute the correctness of the Mosely bill, but, to defeat the action, claimed a set-off by reason of a larger amount that Mosely owed them as his portion of a sum of money which the Fullertons had been compelled to pay as Mosely's cosureties on the bond of one McGeorge. The case was tried by the circuit court, without a jury, where defendants were allowed their set-off and given judgment for the amount it exceeded the feed bill, and from this judgment the plaintiff has appealed.

The claim of the Fullertons against Mosely for contribution as cosureties on the McGeorge bond arises out of the following state of facts, there being no substantial conflict in the evidence: In the year 1891, McGeorge, as contractor, was engaged in erecting a church in Andrew county, and to assure compliance with his contract, and protect the building from mechanics' liens, he furnished the trustees of the church with a bond signed by himself as principal and by plaintiff, defendants, and others, as sureties.

When the church was completed, it was discovered that McGeorge was behind, and claims for mechanics' liens to the extent of $1,032.10 were about to be enforced against the church building. Thereupon Mosely, the Fullertons, and perhaps other sureties, met the church trustees and McGeorge, and by agreement the balance of $772.85, which the trustees were owing on the building, was turned over to the Fullertons, with the understanding that they would apply this $772.85 towards the payment of the $1,032.10 as far as it would go, and that the sureties would make good the remainder, which was $259.25. The defendants so applied the cash received from the church trustees, and assumed

and took care of the amount McGeorge was in default, to wit, $259.25; and it is for plaintiff Mosely's portion of this default defendants claim a right of set-off against him in this suit.

Shortly after thus liquidating these incipient liens against the church the Fullertons induced McGeorge, the principal debtor, to give them some security for the amount in default, and McGeorge did execute to them a note, secured by mortgage on some land in Virginia. Nothing has ever been realized on this mortgage security, and from the evidence it seems doubtful if it has any real value. The evidence on the part of defendants tended to prove that they were requested by Mosely and other sureties to get security from McGeorge, but this is denied by the plaintiff.

GILL, J.—The claim for set-off made by defendants may be stated in this wise: Fullerton and Mosely, as sureties for McGeorge, by their joint bond, covenanted to protect the Andrew county church from all mechanics' lien charges which the contractor, McGeorge, might allow to accrue. Said contractor failed to pay for all the material that went into the church, and the enforcement of a valid lien for $259.25 was threatened. Thereupon Fullerton paid off or assumed the entire charge and relieved the church from the mechanics' lien, and now claims the right to hold Mosely for his proportionate share. This claim is based on the right to contribution existing between cosureties. But Mosely claims that he is relieved of the obligation to contribute, because Fullerton has acquired from McGeorge, their principal, mortgage security for the payment of said $259.25, and that this indemnity must be exhausted before an action for contribution will lie.

It is only fair to say that plaintiff's counsel have cited cases which sustain this contention. But in our

opinion, reason and the weight of authority sustain the text of an able author on the subject, wherein it is said: "That the fact that the surety who pays the debt has in his hands an indemnity other than money and more or less valuable, will not prevent him from suing a cosurety for contribution, and recovering such amount as he is then entitled to, irrespective of the sum that may afterwards be realized from the indemnity; but he will be accountable to the cosurety for a proper proportion of whatever sum he may afterwards realize from the indemnity." 1 Brandt on Suretyship and Guaranty [2 Ed.], sec. 274; *Bachelder v. Fiske*, 17 Mass. 464; *Johnson v. Vaughn*, 65 Ill. 425.

When one of two or more sureties shall have paid or satisfied the entire charge or liability, a debt or obligation forthwith arises, by implication of law, against each surety to pay his proportion to the surety who has paid the whole; and at the same time there is an implied obligation on the principal to reimburse the surety who has thus paid said principal's debt. In other words, the surety so satisfying the entire obligation will have his several and separate demands against his cosureties for their proportionate part and against his principal for the entire amount. However, said surety will only be entitled to one satisfaction. If the principal shall return the entire amount which the surety had been compelled to pay, this will satisfy every demand for contribution against the other sureties. Or, if said sureties, or any of them, shall partially or entirely reimburse their cosurety, who paid the debt, then he will only have a claim for the balance against the principal, or for nothing, as the case may be.

In the light of the law, the case stands this way: Because of Fullerton's paying or assuming the $259.25 (for which McGeorge was bound as principal, and Fullerton and Mosely as sureties), he (Fullerton)

acquired a right of action against McGeorge for the entire amount, and had also a right to demand of Mosely that he pay his proportion as surety. The attitude of both, McGeorge and Mosely, was that of separate debtors to Fullerton; and while *payment* by one would partially or wholly satisfy the claim against the other, I fail to see how mere *security* given by either would destroy the right of their creditor to call on the other for actual payment. The debt owing by Mosely to Fullerton might, as already said, be satisfied by McGeorge fully reimbursing Fullerton, by paying the full sum of the said $259.25, but a *promise* by McGeorge to pay, coupled with a mortgage to secure that promise, will not amount to a satisfaction of Fullerton's claim on Mosely.

We deem the foregoing a complete answer to the more material points in plaintiff's brief. Many criticisms are made as to the court's instructions. It is unnecessary to discuss these, since the undisputed facts warrant the judgment rendered.

The defendants were not required to allege or prove the insolvency of McGeorge, the principal. 1 Brandt, Suretyship and Guaranty [2 Ed.], sec. 290. The defense, too, was unquestionably proper matter of set-off. Sec. 8160, R. S. 1889.

The judgment was clearly for the right party and will be AFFIRMED. All concur.