Dennig v. Meckfessel.

---

## LOUIS E. DENNIG, Trustee Under Will of LOUIS SCHAEFER et al., Appellants, v. F. B. MECKFESSEL et al.

### Division Two, April 7, 1924.

1. **LIMITATIONS:** Contribution: Payment by Surety: Action Against Co-Sureties. A right of action of a surety accrues against his co-sureties when he pays the common debt or obligation, or pays more than his share, and is barred in five years after making such payment. So that where the plaintiffs, guarantors with defendants of the obligations of a furniture company, paid its notes in 1913, their action for contribution, brought in 1920, was barred by the five-year Statute of Limitations (Sec. 1887, R. S. 1919).

2. ———: ———: Corporation: Assignment: Distribution of Assets: Payment of Debts by Surety. Where plaintiffs and defendants were all guarantors of the obligations of a corporation, of which all were stockholders, and plaintiffs paid its debt, after which it made an assignment and its net assets were distributed, the accrual of plaintiffs' cause of action to compel contribution from defendants was not postponed to the time when the assignees had administered the assets of the corporation and ascertained the net amount thereof subject to distribution among the stockholders, but accrued the moment plaintiffs paid the debt. Upon the payment of the debt by some of the guarantors their right to compel contribution from their co-guarantors arises immediately, and the assets of the corporation thereupon become security for the reimbursement of all guarantors who contribute to the payment. In no event does a contention that the cause of action did not arise until the assets of the corporation were administered and the net amount thereof subject to distribution was ascertained, have a reasonable basis to rest upon where the company turned over to plaintiffs neither money, securities, nor indemnifying accounts or notes.

3. ———: Act of 1919: Retroactive Operation. The Act of 1919 (Sec. 1315, R. S. 1919), providing that "the cause of action shall

not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage therefrom is sustained and is capable of ascertainment," is prospective in its operation, and has no application to actions barred before its enactment; nor does it extend the period of limitations to a cause of action of a surety to compel contribution from his co-sureties, for their liability was ascertained and his cause of action accrued the moment he paid the debt.

4. ———: Pleading: Demurrer: Overruled and Reconsideration. The petition on its face showed the cause of action was barred by the five-year Statute of Limitations, and the defendant filed a special demurrer alleging that it was barred by that statute, which the court overruled. Thereupon answer was filed specifically pleading the statute as a defense. At the trial the court sustained an objection to the introduction of any evidence, for the reason that the petition showed on its face that the action was barred by said statute. *Held*, that this was equivalent to a re-consideration and a sustaining of the special demurrer. [On Motion for Rehearing.]

5. ———: ———: Special Demurrer: Exception. A matter which it is claimed prevented the cause of action from accruing must be stated in the petition, and if not so stated, a special demurrer pleading the Statute of Limitations as a bar is available to destroy a petition which on its face shows that the cause of action is barred.

Headnotes 1 and 2: Contribution: 1, 13 C. J. sec. 27; 2, 13 C. J. sec. 833. Headnotes 3 to 5: Limitations of Actions: 3, 25 Cyc. 991; 4, 25 Cyc. 1398 (1926 Anno); 5, 25 Cyc. 1395.

Appeal from St. Louis City Circuit Court.—*Hon. Robert W. Hall*, Judge.

AFFIRMED.

*Frank & Stamm* for appellants.

(1) Guarantors who paid their principal's obligation and who have received all the assets of their principal obligor, a corporation, as trustees for purposes of liquidation, are trustees for all the creditors of their principal obligor, and are also trustees for their co-guarantors from whom they seek contribution. As such

trustees they hold said assets for the benefit of all, and even though they have theretofore paid the whole debt for which both they and their co-guarantors were liable, they could not maintain an action for contribution against their co-guarantors pending the trusteeship, until such time as they could show that they had fulfilled their trust and that the property so received by them had failed to satisfy the debt for which contribution is sought. Broussard v. Mason, 187 Mo. App. 281; Sanders v. Weelburg, 107 Ind. 266, 273; Gibson v. Sheehan, 28 L. R. A. 401; Chilton v. Chapman, 13 Mo. 470; Jamison v. Glasscock, 29 Mo. 191; Tolle v. Boeckeler, 12 Mo. App. 54, 63; McCune v. Belt, 45 Mo. 174; Harrison v. Phillips, 46 Mo. 520; Hampton v. Phipps, 108 U. S. 260, 27 L. Ed. 719; In re Estate of Koch, 148 Wis. 548; Kelley v. Ramsey, 176 Ky. 584; Davis v. Toulmin, 77 N. Y. 280; Neely v. Bee, 32 W. Va. 519; Morrison v. Poyntz, 7 Dana (Ky.) 307; Hall v. Robinson, 8 Ired. Law (N. Car.) 56; Spencer on Suretyship, sec. 171. (2) A cause of action to enforce contribution from co-guarantors does not accrue in favor of co-guarantors who hold security for their debt until the net amount subject to contribution has been definitely ascertained. R. S. 1919, sec. 1315; Pendleton v. Lomax, 3 Call. 538 (Wythe 4; Va.); Preston v. Fitch, 137 N. Y. 41, 53; Tutt v. Cloney, 62 Mo. 116. (3) An objection to the introduction of any evidence constitutes a demurrer *ore tenus* and, as such, does not reach the alleged defects as effectually as the written demurrer; and the allegations of the petition will be construed most favorably to plaintiffs, the same as if cured by verdict, and every fair inference drawn therefrom in plaintiff's favor, as if no objection to its sufficiency had been made until after trial. Rawleigh Co. v. Grigg, 191 S. W. 1019; Anderson v. Lusk, 203 S. W. 304; Coliseum Athletic Assn. v. Dillon, 204 Mo. App. 504; First National Bank v. Life Ins. Co., 283 Mo. 336; McKee v. Downing, 224 Mo. 115.

*McCarthy, Morris & Zachritz* for respondents.

(1)   Appellants, paying guarantors, paid guaranty June 30, 1913, and did not bring contribution suit until June 8, 1920, and accordingly cause is barred by Sec. 1317, R. S. 1919.   Petty v. Tucker, 166 Mo. App. 98; Burrus v. Cook, 215 Mo. 505; Yore v. Yore, 240 Mo. 451; Singleton v. Townsend, 45 Mo. 380; Ryan v. Krusor, 76 Mo. App. 499; Mosely v. Fullerton, 59 Mo. App. 143; Gregg v. Carroll, 201 Mo. App. 476; Thompson v. Brown, 121 Mo. App. 528; Corbyn v. Brokmeyer, 84 Mo. App. 653.   (2)   The authorities set forth by appellants are not in point and do not bear out their contention.   Although one of the appellants, Gustav Bischoff, was named as one of the principal's trustees for the benefit of its creditors this did not take place until twenty months after payment of the principal obligation, and regardless of how much or when security came into appellants' hands, this would not have stopped the Statute of Limitations from running and would not have prevented the filing of a suit for contribution.   Mosely v. Fullerton, 59 Mo. App. 143.   (3)   Respondents had a right to renew their demurrer in the form of an "objection to the introduction of any testimony under the petition."   The sustaining of this objection and the disallowance of appellants' offer of proof was proper.   Pratt v. Conway, 148 Mo. 299.

HIGBEE, C.—Two cases having the same title were argued and submitted together.   They are companion cases, and the legal questions involved are the same in both.   They are actions for contribution between co-guarantors.   The petitions were filed June 8, 1920.   Plaintiff paid the common obligations in one case on April 14, 1913, and in the other on June 30, 1913.   Prior to the trial formal demurrers to the petitions on the ground that each action, on the face of the petition, was barred by the five-year Statute of Limitations were overruled. At the trial, however, a demurrer, *ore tenus,* was sustained in each case, the petition dismissed, and judg-

ment rendered accordingly, from which plaintiffs appealed.

The petitions, which are very lengthy, may be summarized:

Louis Schaefer, Gustav Bischoff, Gustav Bischoff, Jr., Heinrich Bischoff and J. H. Buettner, together with the defendants F. B. Meckfessel, Theodore Crusius, and W. F. Eicks, were stockholders in the J. H. Buettner Furniture & Carpet Company, a corporation doing business in the city of St. Louis. The company being in financial straits, these stockholders in the year 1909 arranged for loans with the Manchester Bank and the National Bank of Commerce, both of said city, and executed to each bank a written obligation to repay all sums loaned, not to exceed $30,000 by the Manchester Bank, and $150,000 by the Bank of Commerce. The Manchester Bank accordingly loaned the Furniture Company at various times $21,500, taking its five notes therefor. The Bank of Commerce also made loans totalling $145,000, taking 29 notes from the company, each for the sum of $5000. Thereafter Louis Schaefer and Heinrich Bischoff died, and their representatives and Gustav Bischoff, on demand, paid the Bank of Commerce, on April 14, 1913, the principal of the notes, $145,000, and the said representatives and Gustav Bischoff and Gustav Bischoff, Jr., on June 30, 1913, paid the Manchester Bank the principal of its notes, $21,500, all interest having been paid on both sets of notes to said dates. J. H. Buettner subsequently paid his share of these sums to the paying guarantors. Between July 10, 1913, and May 17, 1915, the Furniture Company made various payments on the Manchester Bank notes, totalling $2221.55, and on the Bank of Commerce notes, $16,844.21.

In February, 1915, the Furniture Company made a general assignment of its assets to L. E. Dennig and Gustav Bischoff, trustees, for the benefit of all its creditors. Dividends were paid, $10,182.06 on the Manchester Bank loans and $68,669.49 on the Bank of Commerce loans. The last dividend was paid on March 22, 1920.

303 Mo. Sup.—34

Gustav Bischoff having died since the appeal was taken, and his personal representatives having entered their appearance, the actions have been revived by consent. For brevity's sake the parties will be spoken of as plaintiffs and defendants.

I. Appellants assign error in the ruling of the court that the actions were barred by the five-year Statute of Limitations (Sec. 1887, R. S. 1909). Their contention is that all of the guarantors were officers and stockholders of the corporation; that the paying guarantors, the plaintiffs, received all of the assets of their principal obligor, the corporation, as trustees for all of its creditors and as trustees for their co-guarantors and as such could not maintain an action for contribution against their co-guarantors pending the trusteeship and until they could show that the property received by them was insufficient to satisfy the debt and until the net amount subject to contribution had been definitely ascertained, that is on March 22, 1920, when the final dividend was paid.

The plaintiffs paid the common debts or obligations of the guarantors, one on April 14, 1913, and the other on June 30, 1913.

The rule is that the right of action accrues when a surety pays the common debt or obligation or has paid more than his share of it. [13 C. J. 833; Petty v. Tucker, 166 Mo. App. 98, 101.]

In Burrus v. Cook, 215 Mo. 496 (adopting the dissenting opinion of ELLISON, J.), it is said: "So that, the general law and the statute taken together amount to this: that a surety, upon payment of the debt, has a right to the instrument upon which he is surety, with all the rights, securities, and liens, which attach to it, but he must *assert* those rights within five years after such payment. 'Where a surety who has paid the debt does not act before his claim is barred at law by the Statute of Limitations, manifesting his intention to put himself in the place of the original creditor, and thereby sub-

rogating himself to the creditor's rights, equity will not subrogate him to those rights.' [Brandt on Suretyship (3 Ed.) sec. 339.]''

II. ˏThe further contention is that plaintiffs' cause of action did not arise until the assignees of the Furniture Company had administered the assets and the net amount subject to contribution had been ascertained.

Assets of Corporation: Indemnity.

We might dismiss this contention at once for the reason the Furniture Company never turned over any assets or securities to the plaintiffs. Nearly two years after payment of the obligations the Furniture Company made a general assignment for the benefit of all its creditors. It is said all the stockholders agreed to this assignment and that the assets mainly consisted of notes and accounts. Assume this was an indemnity.; does it follow that plaintiffs must delay their actions until it is ascertained what dividends the assets will pay? This theory is unreasonable; the plaintiffs were entitled to contribution the moment they paid the common obligations.

"Although there is a conflict of authority on the subject, the weight of authority seems to be that the fact that the surety who pays the debt has in his hands an indemnity other than money, and more or less valuable, will not prevent him from suing a co-surety for contribution, and recovering such amount as he is then entitled to, irrespective of the sum that may afterwards be realized from the indemnity; but he will be accountable to the co-surety for a proper proportion of whatever sum he may afterwards realize from the indemnity.'' [Brandt on Suretyship and Guarantee (3 Ed.) sec. 300.]

In Friedman v. Meltinsky, 260 Pa. 312, 317, it was said:

"Plaintiffs' claim in the present case is a simple one for contribution; but it is urged for defendant that it involves an accounting by plaintiffs for the receipts and expenditures of the property above referred to, and that

equity alone has jurisdiction.   Undoubtedly the property is held as security, but, defendant having paid nothing as an indorser, is not yet in a position to share therein.   On payment of the judgment in this case he will be entitled to an undivided interest in the property; and the trial court very properly suggests that the execution can be so controlled as to protect his interest in that regard.   But at the trial defendant had paid nothing on his indorsements and had no legal or equitable claim to the property and nothing to set off.

"The right to contribution arises upon payment of the common burden; and he who so pays may recover from those jointly liable with him without waiting to realize upon property that may have come to his hands through such payment.   The property will of course stand as security common to all in proportion to their contribution to the burden.   'The surety is not barred from his remedy in contribution merely by the fact that he holds security, and there can be no set-off on account of the indemnity unless its value is ascertained, either by reducing it to money or otherwise,' Stearns on Suretyship, p. 494.   The plaintiff, in an action for contribution, after having paid out his money is not compelled to wait until he can realize upon some collateral indemnity, while his co-surety has paid nothing.   This would not make their burdens equal.   [Williams v. Riehl, 127 Cal. 365, 371.]"

The same ruling was made in Mosely v. Fullerton, 59 Mo. App. 143, by the Kansas City Court of Appeals.

Broussard v. Mason, 187 Mo. App. 281, is not opposed to this view.   The question of limitation was not involved.   In that case Broussard, by fraud and chicanery, wrecked the principal, a Texas corporation, for which he and Mason were accommodation indorsers, and caused the default.   He wrongfully converted the assets of the corporation, paid the debt, and, with unparalleled effrontery, came into Missouri and sued for contribution. "A surety cannot have contribution if the default resulted from his wrongful act."   [32 Cyc. 285.]   Broussard was president and manager of the corporation; he oc-

cupied a relation of trust and confidence. Mason, being a stockholder, was entitled to an accounting for his interest in the corporation.

III.   Appellants further contend that by the proviso of Section 1315, Revised Statutes 1919, the cause of action "shall not be deemed to accrue when the wrong is done

Acts of 1919. or the technical breach of contract or duty occurs, but when the damage therefrom is sustained and is capable of ascertainment." This proviso of the section was enacted and became effective May 12, 1919, and is prospective in its operation. The actions were barred before its enactment and the contention need not be considered. But, if this proviso were applicable, it is plain that by its terms the causes of action accrued when the obligations were paid, as the liability of each guarantor was then capable of ascertainment.

The judgments are affirmed. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.

### ON MOTION FOR REHEARING.

HIGBEE, C.—Appellants, in their motions for rehearing, contend that the payments of dividends by the assignees of the Furniture Company were, in legal effect, payments by one co-guarantor to other co-guarantors in reduction of the amount eventually to be recovered by way of contribution, and had the legal effect of stopping the running of the Statute of Limitations.

This proposition was considered in Paragraphs I and II of the opinion.

The second contention is that the Statute of Limitations is a special defense, and is not available on a general denial or general demurrer, and that the court erred in sustaining an objection to the introduction of evidence.

The petition showed that the cause of action arose in one case on April 14, 1913, in the other on June 30,

1913; the general assignment was made in February, 1915, and the final dividend paid March 22, 1920. The petitions were filed June 8, 1920. A special demurrer was filed in each case on the ground that the petition on its face showed the action was barred by the five-year Statute of Limitations, and overruled. Thereupon answers were filed specially pleading the statute. At the trial the court sustained an objection in each case to the introduction of any evidence, for the reason that the petition showed on its face the action was barred by the five-year Statute of Limitations. This was equivalent to a re-consideration and sustaining of the special demurrers. Plaintiffs, in order to avoid the statute, pleaded the assignment and the payment of dividends by the assignees, which we have held did not interrupt the running of the statute.

In Burrus v. Cook, 215 Mo. 496, we held that the defense of the statute might be raised by a special demurrer. On page 503, LAMM, J., said: "And, if the cause of action is such that it may be obviated by some exception in the statute, the facts stated in the petition should show such exception. In other words, the exception relieving plaintiff from the statute should be pleaded by him." This was affirmed in an opinion by WHITE, J., in Am. Radiator Co. v. Plumbing & Heating Co., 277 Mo. 548, 552, 211 S. W. 56. Such an exception not being pleaded, there was no error in the ruling of the court. The motions for rehearing are overruled. *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is adopted as the opinion of the court. All of the judges concur, except *White, J.,* not sitting.