AMERICAN RADIATOR COMPANY v. CONNER
PLUMBING & HEATING COMPANY, JEF-
FERSON REAL ESTATE & BROKERAGE COM-
PANY et al.

Division Two, March 28, 1919.

1. **FILING SUIT: Date: How Shown on Appeal.** The filing of a suit,
and the date of filing, must on appeal be shown by the record
proper, and a recital in the bill of exceptions that it was filed

on a certain date will not supply an omission from the record of the date of filing.

2. ————: Mechanic's Lien: Not Begun Within Ninety Days: Must Be Pleaded. The statute (Sec. 8228, R. S. 1909) which requires suit to be commenced within ninety days after filing a mechanic's lien, is a statute of limitations, and must be pleaded in order to avail the defendant. If the defect does not appear on the face of the petition, it must be averred in the answer; if shown on the face of the petition, it may be raised by demurrer.

3. ————: ————: Belated Filing Pleaded: Admission. Where each defendant in his answer pleads as a defense to an action to enforce a mechanic's lien for materials furnished a sub-contractor that the suit was not begun within ninety days as to the original contractor, who was not made a party, and tried the case on the theory that the suit was filed in time as to all the defendants except said contractor, a statement in the bill of exceptions that the suit was filed on a certain day is not a mere recital, but a solemn admission of the theory on which the case was tried, and therefore said defendants will not be heard on appeal to present the case on a different theory.

4. MECHANIC'S LIEN: Contractor as Party. In an action to enforce a mechanic's lien for materials furnished to a sub-contractor and used in the construction of a building, the original contractor is not a necessary party. He may be a proper party, but the materialmen is not to be denied his lien on the sole ground that the orignal contractor was not made a party. The words "parties to the contract" used in Section 8221, Revised Statutes 1909, declaring that "in all suits under this article the parties to the contract shall, and all other persons interested in the matter in controversy or in the property charged with the lien may, be made parties," mean the parties to the particular contract which is the subject of the inquiry, for instance, the contract between the materialman and the sub-contractor who bought the materials; and Section 8223 does not contain a contrary announcement, for while it affords the owner an opportunity to adjust the differences between himself and the original contractor by giving him a right to bring in such contractor, it does not mean that the sub-contractor's lien for materials furnished or labor performed under an agreement with him is to be lost for that neither he nor the owner exercised that right.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson,* Judge.

REVERSED AND REMANDED.

*John F. Cell* for appellant.

*Haff, Meservey, German & Michaels* for respondents.

WHITE, C.—This was an action to enforce a mechanic's lien brought in the circuit court of Kansas City by the plaintiff, for material funished to Connor Plumbing and Heating Company, a sub-contractor, and used in the construction of a building on the property of the defendant Jefferson Real Estate & Brokerage Company. Howard J. Vrooman was the original contractor, and defendants Edwin C. Meservey and Milo A. Wilson were trustee and *cestui que trust* in a deed of trust on the place.

There was a personal judgment in the circuit court in favor of the plaintiff and against Connor Plumbing & Heating Company, sub-contractor; but against plaintiff and in favor of the remaining defendants, denying the lien. The plaintiff appealed to the Kansas City Court of Appeals and that court reversed the judgment as to the lien and the defendants in whose favor the circuit court found and remanded the cause for trial, but certified the case to this court because the opinion is in conflict with a decision by the St. Louis Court of Appeals in Rumsey v. Pieffer, 108 Mo. App. 486.

The point on which the Kansas City Court of Appeals differs from the St. Louis Court of Appeals in the case mentioned turns upon the failure of the plaintiff to make the original contractor a party to the proceeding within ninety days [Sec. 8228, R. S. 1909.]

In the original petition filed in the case, Vrooman, the original contractor, was not made a party. The issue was tendered by motion and by the separate answers of the several defendants that Vrooman was not made a party and therefore there was defect of parties defendant. After ninety days from the filing of the lien the plaintiff filed an amended petition making Vrooman a party defendant; he was brought in by summons, and answered setting up as a defense that the action was

not begun as to him within ninety days of the filing of the lien.

On the trial, the defendants, excepting the Connor Company, sub-contractor, objected to the introduction of any evidence on the ground that Vrooman was not made a party within ninety days, and the objection was sustained, with the result as stated.

I. A preliminary question is first presented for consideration. The filing of the original petition is not shown in the abstract of the record proper. The amended petition, on which the suit was tried, was filed July 10, 1914; the mechanic's lien was filed November 14, 1913. Respondent claims that because the abstract of the record proper does not show the suit was commenced within ninety days from the time of filing the lien, as required by Section 8228, Revised Statutes 1909, plaintiff's case must fail.

Showing and Admission on Appeal.

Appellant, however, calls attention to an admission shown in the bill of exceptions made by the respondents at the trial. Defendants' objection to the introduction of any evidence was thus stated:

"Because the mechanic's lien in this case was filed on the 14th day of November, 1913, and although this suit was filed on the 22nd day of November, 1913, the defendant Howard J. Vrooman was not brought into the case or attempted to be made a party defendant until July 10, 1914, when the amended petition was filed."

Respondents, however, correctly say that the filing of the suit must be shown by the record proper and a recital in the bill of exceptions will not supply the place of that showing. [Mahaffey v. Cemetery Assn., 253 Mo. 135, l. c. 139.]

In this case there appears to be no need of such a showing. The statute, Section 8228, which requires suit to enforce a lien to be commenced within ninety days after filing the lien, is a Statute of Limitations

and must be pleaded in order to avail the defendant. [Bloom, Mechanics' Liens, sec. 649; Towle v. Sweeney, 83 Pac. 74; Johnston v. Ragan, 265 Mo. l. c. 447.] If the defect does not appear upon the face of the petition it must be pleaded in the answer; if shown on the face of the petition the question may be raised by demurrer. [Burrus v. Cook, 215 Mo. 496; Garth v. Motter, 248 Mo. 477, l. c. 482.]

The amended petition does not show on its face when the action was begun, and there was no allegation in the answer of any failure to bring the suit within ninety days from the filing of the lien. The defendants, on the other hand, tried the case on the theory that the suit was filed in time as to all the defendants excepting Vrooman; each defendant distinctly pleads as a defense that the suit was not begun within ninety days as to Vrooman. The statement in the bill of exceptions that the suit was filed on the 22nd day of November, 1913, is not a mere recital but the solemn admission of counsel made in the conduct of the case showing the theory on which the case was tried in the court below. Respondent will not be heard to present the case on a different theory here.

II. It is argued that the original contractor is a necessary party to the action and the suit must fail because the action was not commenced against all necessary parties within the ninety days as provided by Section 8228. The appellant is supported in this by the St. Louis Court of Appeals, as stated above, in the case of Rumsey v. Pieffer, 108 Mo. App. 486. In that case the material sued for was furnished to a sub-contractor; the original contractor was not made a party to the suit. The trial court sustained a motion to dismiss the suit as to the owners for that reason, and the judgment was affirmed. This on the theory that Section 8233 made the original contractor a necessary party, in addition to the necessary parties named in Section 8221.

*Original Contractor as Party.*

The Court of Appeals in that case cites two cases in support of the position taken: Johnson-Frazier Lumber Co. v. Schuler & Muench, 49 Mo. App. 90, and Horstkotte v. Menier, 50 Mo. 158. In the Schuler case, however, the original contractor was the party to whom the material was furnished, and of course was a necessary party under Section 8221, Revised Statutes 1909. The Horstkotte case, as we read it, is directly opposed to the position taken. There the original contractor was not made a party defendant. The plaintiff furnished material to a sub-contractor, sued, and his lien was sustained. The court in that case construed the sections of the statute applicable, Sections 8221 to 8233, Revised Statutes 1909. Section 8221 is as follows: "In all suits under this article the parties to the contract shall, and all other persons interested in the matter in controversy or in the property charged with the lien may be made parties, but such as are not made parties shall not be bound by any such proceedings."

The expression, "parties to the contract," has been construed several times to be the parties to the particular contract which is the subject of inquiry. [McLundie & Co. v. Mount, 145 Mo. App. 660, l. c. 667; Downey v. Higgs, 41 Mo. App. l. c. 219.] In this case it would be the contract by which the materials were furnished by plaintiff to the sub-contractor. Section 8233 provides that when a lien is filed by any person other than the contractor it shall be the duty of the contractor to defend the action at his own expense; that the owner, during the pendency of the action, may withhold from the contractor the amount for which the lien is filed, and in case of judgment against the owner or his property he shall be entitled to deduct the amount from what he owes the contractor.

As Section 8221 reads it is unambiguous and states with precision who are necessary and who are proper parties. "In all suits under this article" would include suits where there was an original contractor, not a party

to a contract under consideration, as well as others. Does Section 8233 make the original contractor in a case like the present one a necessary party and modify the terms of Section 8221? This court in the Horstkotte case, supra, construing Section 8233, said, l. c. 160:

"When an owner of property contracts with a responsible party to furnish all materials and erect for him a building, under this section, he has the right to look to such contractor for protection against all liens by materialmen and sub-contractors. That, to my mind, was the evident intention of the Legislature. If the original contractor was not made a party he would not be bound by the judgment; whereas if he was a party he would be estopped from disputing the amount of recovery as between himself and the owner."

It was evident that this court then understood the purpose of Section 8233 was to afford the original contractor as opportunity to be heard and the owner an opportunity to protect himself against the original contractor. If the original contractor is made a party, then any judgment rendered would be conclusive as between him and the owner. If he is not made a party he is not bound by the result of the suit, but would have to litigate his differences with the owner in another suit. The court continues, on the same page:

"What we now hold is that the original contractor ought to be brought before the court as a co-defendant, for the purpose of protecting his own rights and those of the owner. But if he is not so brought before the court at the proper time, the judgment will not for this omission be irregular or void."

. The court would have no jurisdiction of the cause to render any kind of a judgment unless the parties to the contract are brought into court, but not so as to the original contractor.

Some confusion is lent to that opinion by what follows where it indicates that the failure to take advantage of the defect of the parties by demurrer or an-

swer waives that defect. It is inferred that the defect would have been fatal if presented in a timely and proper manner. But it is apparent from the context as quoted that the court did not mean that. It meant Section 8233 afforded an opportunity to adjust the differences between the owner and the original contractor. The original contractor was a proper party and the owner had a right to have him brought into court for the purpose of such adjustment, and there appears to be no statutory reason why that purpose cannot be served, whether he is brought in before or after ninety days from the filing of the lien.

There are other decisions which indicate that the original contractor is not a necessary party in a case of this kind. [Downey v. Higgs, 41 Mo. App. l. c. 219; Walkerhorst v. Coste, 33 Mo. 401; Hardware Co. v. Prewitt, 170 Mo. App. 594, l. c. 598.]

Taking the plain letter of Section 8221 the original contractor is not a necessary party. It excludes that idea in its express terms. If Section 8233 adds additional necessary parties it is to that extent inconsistent with the provisions of Section 8221. Now Section 8233 can be given a construction which allows 8221 to stand unimpaired, and that construction was given by this court in the Horstkotte case.

Manifestly it would be inequitable to require the original contractors in all cases to be made parties. The Mechanic's Lien Law was intended to offer a simple and effective method by which laborers, materialmen and contractors may secure claims for improvements which they have furnished. The materialman knows to whom he furnishes the material, the record shows him who the owner is; but he is not required to engage in a hunt, possibly a fruitless one, for the original contractor. Building contracts are sometimes made by original contractors at a distance or in another state, and everything is sublet; the materialmen and laborers by inquiry might find out who the original

contractor is and they might not.   But the owner always knows.

It cannot be that the Legislature intended the lien should be lost because of a failure to ascertain the name of the original contractor and bring him into court, where the material was furnished and the labor performed under an agreement with a sub-contractor.

The judgment is reversed and the cause remanded to be proceeded with in accordance with these views. *Roy, C.,* absent.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court.   All the judges concur.