Frederika **CULLEN**, Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. 72778.

Supreme Court of Missouri,
En Banc.

March 5, 1991.

L. Richardson Brinkman, Jr., Arnold, for appellant.

William L. Webster, Atty. Gen., Sandra A. Means, Sp. Asst. Atty. Gen., Jefferson City, Bret M. Rich, Asst. Prosecutor, Clayton, for respondent.

---

COVINGTON, Judge.

This is an appeal by Frederika Cullen from an order dismissing her petition for review of the Director of Revenue's revocation of her driving privileges. Appeal dismissed.

On October 5, 1989, Frederika Cullen entered a plea of guilty to the charge of driving while intoxicated. § 577.010, RSMo 1986. She was nineteen years of age at the time of the commission of the offense, thus subject to revocation of her driving privileges for one year. §§ 577.-500–.530, RSMo Supp.1990. On October 26, 1989, the Director of Revenue issued appellant Cullen a notice of loss of driving privilege. From this action appellant sought relief through filing a petition for review in which she challenged the constitutionality of §§ 577.500–.530. Upon the Director's motion asserting bases different from the ground upon which this opinion is founded, the trial court dismissed the petition for review.

When a court is engaged in the exercise of a special statutory power—in this case a method of review that designates the court and the time within which the review should be sought—the court's jurisdiction is limited by the statutory power. *Randles v. Schaffner*, 485 S.W.2d 1, 3 (Mo.1972). The trial court was without jurisdiction in this case because the petition for review was not timely filed. On October 26, 1989, the Director mailed appellant notice of loss of her driving privileges. The notice informed appellant of the thirty day period in which to appeal the decision in the circuit court of the county of her residence. The Director gave notice in accordance with § 302.311, RSMo 1986, which provides in pertinent part:

> In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time *within thirty days after notice* that

a license is denied or withheld or that a license is suspended or revoked.

(emphasis added). Filed December 15, 1989, eighteen days after the thirty-day time limit contained in § 302.311, appellant's petition for review was untimely. The untimely filing deprived the trial court of jurisdiction and required dismissal. *Randles*, 485 S.W.2d at 3. *Accord Romans v. Director of Revenue*, 783 S.W.2d 894, 896 (Mo. banc 1990).

Perhaps sensing the problem but avoiding emphasis of it, appellant mentions within an argument under an unrelated point that her "unchallenged assertion in the Petition for Review that the Director of Revenue's decision is allegedly effective November 15, 1989, must be taken as true." Her contention is utterly without basis. A mere allegation of timeliness does not cure an untimely filing nor does it confer jurisdiction on the court.

This Court's jurisdiction is derivative. The untimely filing in the trial court required dismissal. The appeal is dismissed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS, and HOLSTEIN, JJ., and GAITAN, Special Judge, concur.

BILLINGS, J., not sitting.