## TIP–TOP PLUMBING & HEATING COMPANY, Appellant,

v.

## Ivan and Zlata GREGORIC, Respondent.

### No. WD 46166.

Missouri Court of Appeals,
Western District.

July 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

Frederick Gregg Thompson, IV, Kansas City, for appellant.

Terence M. O'Brien, Kansas City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

KENNEDY, Presiding Judge.

Tip–Top Plumbing and Heating Company appeals from a judgment for defendants and owners, Ivan and Zlata Gregoric, in Tip–Top's suit for the enforcement of a mechanic's lien upon a residential duplex owned by the Gregorics. *See* Sections 429.010 to 429.-340, RSMo 1986.

Tip–Top, under a contract with Dave Kostelec, furnished labor and materials for plumbing and heating in a duplex being constructed for Ivan and Zlata Gregoric on land owned by them at 801–903 West 75th Street in Kansas City, Missouri. The amount of the labor and materials was $8,848.86. Tip–Top

did not receive payment. It filed a mechanic's lien on the Gregoric property, and then this suit to enforce the mechanic's lien.

Defendants in the suit to enforce the mechanic's lien were Ivan and Zlata Gregoric, owners of the land, and Dave Kostelec, with whom Tip–Top had contracted to supply the labor and materials on the Gregoric's structure.

The general contract for the construction of the duplex was between landowners Ivan and Zlata Gregoric, the owners, and Kostelec Homes, Inc. The corporation Kostelec Homes, Inc., was not made a party to the suit to enforce the mechanic's lien.

The owners' position, adopted by the trial court, was that Kostelec Homes, Inc., the original contractor, was a necessary party to the suit to enforce the mechanic's lien. The owners base their argument upon section 429.190, RSMo 1986, which reads as follows:

> In all suits under sections 429.010 to 429.-340 the **parties to the contract shall,** and all other persons interested in the matter in controversy or in the property charged with the lien **may** be made parties, but such as are not made parties shall not be bound by any such proceedings.

(emphasis added).

The owners argue that "the contract" means the contract between the owner and the original contractor, that the joinder of original contractor Kostelec Homes, Inc., was mandatory, and that failure to join Kostelec Homes, Inc., was fatal to Tip–Top's suit to enforce the mechanic's lien. *See Hughes Bros. Paint & Hardware Co. v. Prewitt,* 170 Mo.App. 594, 157 S.W. 120, 121 (1913).

This point has been decided adversely to the owners by *American Radiator Co. v. Connor Plumbing & Heating Co.,* 277 Mo. 548, 211 S.W. 56 (1919), decided under section 429.190's predecessor statute. "[T]he contract" was held to mean the contract between the lien claimant and the person with whom the lien claimant contracted, i.e., the contract under which the labor and/or materials were furnished. *Id.,* 211 S.W. at 58. It was held that the original contractor was not an indispensable party to the lien claimant's suit to enforce his lien, and it was not fatal to

the lien claimant's suit that the original contractor was not made a party. *Id.* at 59. Explained the court (211 S.W. at 59):

> Manifestly, it would be inequitable to require the original contractors in all cases to be made parties. The mechanic's lien law was intended to offer a simple and effective method by which laborers, materialmen, and contractors may secure claims for improvements which they have furnished. The materialman knows to whom he furnishes the material; the record shows him who the owner is; but he is not required to engage in a hunt, possibly a fruitless one, for the original contractor. Building contracts are sometimes made by original contractors at a distance or in another state, and everything is sublet; the materialmen and laborers by inquiry might find out who the original contractor is, and they might not. But the owner always knows.

*See also Structo Corp. v. Leverage Inv. Enterprises, Ltd.,* 613 S.W.2d 197, 200 (Mo.App. 1981); *Vasquez v. Village Center,* 362 S.W.2d 588, 591 (Mo.App.1962).

The parties have stipulated to the fact that Tip–Top furnished the materials and labor in the Gregoric structure, that its reasonable value was the amount claimed in Tip–Top's petition, and stipulated to all facts supporting Tip–Top's claim to a lien upon the Gregoric property. Tip–Top is entitled to a judgment enforcing its lien upon the Gregoric property in the amount claimed.

Judgment reversed and case remanded for entry of judgment for Tip–Top Plumbing & Heating Co. as prayed in its petition.

All concur.