IOWA STEEL & WIRE, et al.,
Appellant–Respondents,

v.

SHEFFIELD STEEL CORPORATION,
et al., Defendants,

Ameristar Casino Kansas City,
Respondent–Appellant.

Nos. WD 66544, WD 66573.

Missouri Court of Appeals,
Western District.

June 29, 2007.

Catherine Cameron Whittaker, Gene E. Voigts, Co–Counsel, Kansas City, MO, for appellant-respondents.

Thomas M. Moore, Pieter A. Brower, Co–Counsel, Leslie A. Bailey, Co–Counsel, Kansas City, MO, for respondent-appellant.

Roy C. Bash, Kansas City, MO, for defendant.

Before NEWTON, P.J., BRECKENRIDGE and ELLIS, JJ.

PATRICIA BRECKENRIDGE, Judge.

Iowa Steel & Wire Company, Inc. and Oklahoma Steel & Wire Company, Inc. (collectively referred to as "Iowa Steel"), appeal the trial court's judgment granting Ameristar Casino Kansas City's motion to dismiss Count III of Iowa Steel's petition, which made a claim for enforcement of its mechanic's lien against property owned by Ameristar. In its motion to dismiss, Ameristar asserted that the general contractor was a necessary and indispensable party to Iowa Steel's claim for enforcement of its mechanic's lien and, because Iowa Steel failed to join the general contractor as a defendant, the trial court lacked jurisdiction over Iowa Steel's claim. In its sole point on appeal, Iowa Steel contends that the trial court erred in granting Ameristar's motion to dismiss because, under section 429.190, RSMo 2000,[1] only parties to the contract under which materials were furnished are necessary parties. Here, because Iowa Steel supplied materials under a contract with the subcontractor rather than the general contractor, Iowa Steel claims that its failure to name the general contractor as a defendant did not prevent the trial court from obtaining jurisdiction over its claim to enforce its mechanic's lien.

Ameristar cross appeals the trial court's denial of its motion to dismiss Iowa Steel's claim to enforce its mechanic's lien on the ground that Iowa Steel, as a supplier to a supplier, is not a proper lien claimant because Missouri statutes do not provide such a supplier with mechanic's lien protection. Ameristar also cross appeals the trial court's denial of its motion for summary judgment on the same basis. Ameristar further cross appeals the trial court's denial of its motion for summary judgment on two additional grounds. First, Ameristar claims that the trial court erred in denying its motion for summary judgment because Iowa Steel's mechanic's lien is fatally defective in that Iowa Steel did not file a "just and true" account of its demand, as required by section 429.080, and the verification of its liens was invalid. Second, Ameristar contends that the trial court erred in denying its motion for summary judgment because there is no evidence that the materials provided by Iowa Steel were actually used or incorporated into the parking garage project. In response to Ameristar's cross-appeal, Iowa Steel filed with this court a motion to dismiss Ameristar's cross-appeal on the ground that this court lacks jurisdiction over the cross-appeal because neither the denial of a motion to dismiss nor the denial of a motion for summary judgment is a final judgment reviewable on appeal.

Because the general contractor is not a necessary party to Iowa Steel's claim for enforcement of its mechanic's lien in this case, the trial court erred in granting Ameristar's motion to dismiss on that basis. Accordingly, the trial court's judgment is reversed and the case is remanded for trial. Ameristar's cross-appeal is dismissed for lack of a final judgment.

---

1. All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise specified.

## Factual and Procedural Background

Ameristar contracted with Taylor Ball, L.C., to act as the general contractor on a project to construct a parking garage on Ameristar's property. Taylor Ball contracted with McCormick Construction Company to install certain pre-cast concrete support panels on the parking garage project. McCormick subcontracted with Rinker Materials, a steel fabricator, to furnish the pre-cast concrete support panels installed by McCormick. Rinker obtained the wire mesh it used as reinforcement in fabricating the pre-cast concrete support panels from Sheffield Steel Corporation, formerly known as Waddell's Team Rebar. Team Rebar, a wholly owned subsidiary of Sheffield, obtained the wire mesh from Iowa Steel and Oklahoma Steel, sister companies in the business of supplying steel wire and mesh to contractors for commercial and industrial building purposes. Specifically, in late 2001 and early 2002, Iowa Steel supplied wire mesh to Team Rebar under a series of sales contracts. Iowa Steel alleged that the wire mesh it supplied to Team Rebar was used in the Ameristar Casino parking garage project.

In December 2001, Sheffield filed for bankruptcy on its own behalf and on behalf of its subsidiaries, including Team Rebar. At the time Sheffield filed for bankruptcy, a significant portion of Iowa Steel's invoices for wire mesh supplied to Team Rebar had not been paid. Therefore, Iowa Steel filed and served a notice of mechanic's lien against the Ameristar property. In December 2002, Iowa Steel filed a three count petition. In counts I and II, Iowa Steel sought damages for breach of contract and quantum meruit against Sheffield. In Count III, Iowa Steel sought enforcement of its mechanic's lien against property owned by Ameristar. Iowa Steel did not name Taylor Ball, the general contractor, as a defendant.

In March 2003, Ameristar filed a motion to dismiss Count III of Iowa Steel's petition for failure to state a claim. Ameristar claimed that Iowa Steel had no viable mechanic's liens because its lien statements were filed more than six months after the indebtedness accrued for the materials furnished and, therefore, its mechanic's liens were untimely under section 429.080. Ameristar also alleged that Iowa Steel's claim should be dismissed because Iowa Steel supplied the materials to a supplier and, under section 429.010, Iowa Steel was too far removed from the contract with the property owner to be a proper lien claimant. Iowa Steel subsequently filed a motion to amend its petition to include the specific dates on which its materials were incorporated into the Ameristar parking garage project in order to establish that its liens were timely. On June 11, 2003, the trial court held a hearing on Ameristar's motion to dismiss and Iowa Steel's motion to amend. The trial court granted Iowa Steel's motion to amend and denied Ameristar's motion to dismiss.

In November 2003, Ameristar filed a motion for summary judgment on Iowa Steel's mechanic's lien claim. Ameristar's motion alleged that it was entitled to summary judgment because Iowa Steel (1) failed to demonstrate that its materials were used in the parking garage construction project, (2) failed to provide a proper "just and true" account of the amounts owed under its liens, (3) failed to have proper affidavits supporting its liens, and (4) was not a proper lien claimant because it was too remote from the general contract. In January 2004, Iowa Steel filed a cross-motion for summary judgment on the same claim. On May 12, 2004, following a hearing, the trial court denied both motions.

■ On September 6, 2005, the morning of trial, Ameristar filed a second motion to dismiss Count III of Iowa Steel's petition on the ground that Taylor Ball, the general contractor, was a necessary and indispensable party, under section 429.190, and because Iowa Steel did not join Taylor Ball as a defendant, the trial court lacked subject matter jurisdiction over Iowa Steel's claim to enforce its mechanic's liens. The next day, after receiving a written response in opposition to Ameristar's motion, a written reply from Ameristar, and hearing argument on the issue, the trial court announced that it would sustain Ameristar's motion to dismiss. On January 19, 2006, the trial court entered a judgment granting Ameristar's motion to dismiss finding that it lacked subject matter jurisdiction[2] over Iowa Steel's claim and that there was "no just reason for delay" of an appeal under Rule 74.01(b).[3] Thereafter, Iowa Steel filed this appeal. Ameristar then filed a cross-appeal of the trial court's denial of its first motion to dismiss and the denial of its motion for summary judgment.

## Standard of Review

■ A motion to dismiss for failure to state a claim upon which relief can be granted is an attack on the plaintiff's pleadings. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 463–64 (Mo. banc 2001). When reviewing the grant of a motion to dismiss for failure to state a claim, this court considers that:

> "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case."

*Id.* (quoting *Nazeri v. Mo. Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993) (internal citations omitted)).

**2.** The trial court and the parties incorrectly frame the issue as a lack of subject matter jurisdiction. "[J]urisdiction of a court to adjudicate a controversy rests on three essentials: (1) jurisdiction of the subject matter; (2) jurisdiction of the res or the parties; [and] (3) ... jurisdiction to render the particular judgment in the particular case." *State ex rel. Lambert v. Flynn*, 348 Mo. 525, 154 S.W.2d 52, 57 (1941). "Subject matter jurisdiction is the court's authority to decide a defined class of cases." *Lake Wauwanoka, Inc. v. Spain*, 622 S.W.2d 309, 314 (Mo.App. E.D.1981). The third class of jurisdiction, however, "jurisdiction to render the particular judgment in the particular case (sometimes called 'competency'), partakes of the character of one or the other of the first two." *Flynn*, 154 S.W.2d at 57. The court has no jurisdiction (or competency) to render a particular judgment in a particular case, for example, if statutory conditions have not been complied with, or the petition fails to plead a claim upon which relief can be granted. *Id.; Lake Wauwanoka*, 622 S.W.2d at 314–15. *See also Cullen v. Dir. of Revenue*, 804 S.W.2d 749, 750 (Mo. banc 1991) (finding that trial court lacked jurisdiction because appellant failed to follow statutory deadline in filing petition for review). In this case, because Ameristar claimed that Iowa Steel failed to join a necessary and indispensable party, it challenged the trial court's jurisdiction to render a particular judgment in this particular case, or the trial court's competency to enter judgment, not the trial court's subject matter jurisdiction.

**3.** While counts I and II of Iowa Steel's petition remain pending against Sheffield, that does not preclude review of Iowa Steel's appeal because the judgment fully adjudicated Iowa Steel's only claim against Ameristar. *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 451 (Mo. banc 1994).

### Trial Court Erred in Dismissing Claim to Enforce Mechanic's Lien

In its sole point on appeal, Iowa Steel asserts that the trial court erred in granting Ameristar's motion to dismiss because section 429.190 requires that only parties to the contract under which the materials were supplied be named as necessary parties. Iowa Steel claims that because it supplied materials under a contract with a subcontractor rather than the general contractor, the general contractor was not a necessary party and, therefore, the trial court had jurisdiction over its claim to enforce its mechanic's lien.

Section 429.190, provides:

In all suits under sections 429.010 to 429.340 the parties to the contract shall, and all other persons interested in the matter in controversy or in the property charged with the lien may be made parties, but such as are not made parties shall not be bound by any such proceedings.

In *American Radiator Co. v. Connor Plumbing & Heating Co.*, the Missouri Supreme Court answered the question raised in this case. 277 Mo. 548, 211 S.W. 56, 58–59 (1919). In that case, the plaintiff brought an action to enforce a mechanic's lien against a subcontractor to which it had provided materials and the owner of the property on which the materials had been used. *Id.* at 57. The plaintiff, however, did not make the general contractor a party to the action. *Id.* The defendants argued that because the general contractor was a necessary party to the plaintiff's claim to enforce its mechanic's lien, the fact that the plaintiff failed to join the general contractor as a party to the proceeding was fatal to the plaintiff's claim. *Id.* at 58. The trial court agreed with the

defendants and denied the plaintiff's lien. *Id.* at 57.

On appeal, the Supreme Court first noted that "[t]he expression, 'parties to the contract,' has been construed several times to be the parties to the particular contract which is the subject of inquiry." *Id.* at 58 (interpreting section 8221, RSMo 1909, the predecessor statute to section 429.190).[4] The Court specifically found that the contract at issue in that case was a contract between a supplier of materials and a subcontractor. *Id.* In other words, the general contractor was not a party to the contract at issue. The Court held that under the plain language of section 8221, now section 429.190, "the original contractor is not a necessary party." *Id.* at 59. Specifically, the Court found that the express language of the statute, "excludes that idea in its express terms." *Id. See also Tip–Top Plumbing & Heating Co. v. Gregoric*, 860 S.W.2d 22, 23 (Mo.App. W.D.1993) (original contractor not necessary party to lien claimant's suit to enforce mechanic's lien when the contract at issue was not between supplier and original contractor). Similarly, in this case, Iowa Steel contracted with Team Rebar, not Taylor Ball, the general contractor. Thus, under *American Radiator*, Taylor Ball was not a necessary party to Iowa Steel's action to enforce its mechanic's lien and the trial court erred in dismissing Iowa Steel's claim on that basis.

While Ameristar recognizes the Supreme Court's holding in *American Radiator*, it nevertheless argues that following *American Radiator* would cause an irreconcilable conflict with section 429.140 and Rule 52.04(a). Section 429.140 provides:

4. For all relevant purposes, section 8221, RSMo 1909, is identical to current section 429.190.

In all cases where a lien shall be filed under the provisions of sections 429.010 to 429.340 by any person other than a contractor, it shall be the duty of the contractor to defend any action brought thereupon, at his own expense; and, during the pendency of such action, the owner may withhold from the contractor the amount of money for which such lien shall be filed; and in case of judgment against the owner or his property upon the lien, he shall be entitled to deduct from any amount due by him to the contractor the amount of such judgment and costs, and, if he shall have settled with the contractor in full, shall be entitled to recover back from the contractor any amount so paid by the owner for which the contractor was originally the party liable.

Ameristar argues that because section 429.140 "imposes a duty on a general contractor to defend a lien action and provides protection to an owner in that an owner has the right to look to the general contractor to recover the amounts found to be due and owing," the general contractor is a necessary party to a mechanic's lien enforcement action. The Court in *American Radiator*, however, rejected Ameristar's argument.

■ In *American Radiator*, the Court found that section 8233, the predecessor statute to section 429.140, could be given a construction that did not conflict with section 8221, now section 429.190. 211 S.W. at 59. Specifically, the Court explained:

> Manifestly, it would be inequitable to require the original contractors in all cases to be made parties. The mechanic's lien law was intended to offer a simple and effective method by which laborers, materialmen, and contractors may secure claims for improvements which they have furnished. The materialman knows to whom he furnishes the material; the record shows him who the owner is; but he is not required to engage in a hunt, possibly a fruitless one, for the original contractor. Building contracts are sometimes made by original contractors at a distance or in another state, and everything is sublet; the materialmen and laborers by inquiry might find out who the original contractor is, and they might not. But the owner always knows.
>
> It cannot be that the Legislature intended the lien should be lost because of a failure to ascertain the name of the original contractor and bring him into court, where the material was furnished and the labor performed under an agreement with a subcontractor.

*Id.* Thus, in effect, the Court put the burden on the property owner, who always knows who the original contractor is, to join the general contractor as a party to an action for enforcement of a mechanic's lien. Such a decision makes sense not only because the property owner is the party that knows who the original contractor is but, also, it is the property owner's interest that section 429.140 attempts to protect. Therefore, it is not surprising that the property owner should bear the burden of ensuring that the original contractor is made a party to the suit, if the property owner so desires.

Ameristar also claims that following *American Radiator* would be inconsistent with Rule 52.04(a).[5] Subsection (a) of Rule 52.04 provides:

---

5. In its motion to dismiss, Ameristar claimed that the general contractor was a necessary and indispensable party. On appeal, however, Ameristar simply argues that Taylor Ball was a necessary party. "A necessary party is a party meeting the description set forth in Rule 52.04(a)." *Edmunds v. Sigma Chapter of Alpha Kappa*, 87 S.W.3d 21, 27 (Mo.App.

A person shall be joined in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

Ameristar claims that Rule 52.04(a) " 'requires joinder of a person who claims an interest in the subject of the action, such that disposition of the action in the person's absence may impair or impede their ability to protect that interest.' " (citing *Williams Pipeline Co. v. Allison & Alexander, Inc.*, 80 S.W.3d 829, 837 (Mo.App. W.D.2002)). Ameristar argues that if the general contractor is not a necessary party to an action to enforce a mechanic's lien, the general contractor will be bound to a judgment of an amount due to an owner under section 429.140 "without ever having had an opportunity to participate in the litigation of that dispute in conflict with Rule 52.04(a)."

■ Ameristar's argument, however, misses the mark because even if this court were to assume that a general contractor were a necessary party to a suit to enforce a mechanic's lien, "[t]he absence of a necessary party is not fatal to jurisdiction."

*Edmunds v. Sigma Chapter of Alpha Kappa*, 87 S.W.3d 21, 27 (Mo.App. W.D.2002). Rather, "[i]f it is claimed that necessary parties who are subject to the processes of the court are not present, the remedy is not by a motion to dismiss but rather by motion to add the parties deemed to be necessary." *Bracey v. Monsanto, Co.*, 823 S.W.2d 946, 947 (Mo. banc 1992). "If [Ameristar] is of the opinion that it may be subjected to multiple recovery if [the general contractor is] not made [a] part[y], [Ameristar] may move to bring [the general contractor] in." *Id.* Thus, even if the general contractor were a necessary party, the failure of Iowa Steel to name Taylor Ball as a defendant in the proceeding does not mean that the trial court was without jurisdiction over Iowa Steel's claim. Rather, the proper remedy would have been to file a motion to join the general contractor as a party to the action. Ameristar, however, filed a motion to dismiss Iowa Steel's claim and, therefore, sought an improper remedy.

Finally, Ameristar argues that the public policy reason behind the Court's decision in *American Radiator* is no longer applicable and, therefore, the decision should no longer be followed. Regardless of whether the public policy reason behind the Court's decision in *American Radiator* is no longer applicable, as an intermediate appellate court, this court is "bound to follow the latest decision of our Supreme Court on this issue." *Ferrellgas, L.P. v. Williamson*, 24 S.W.3d 171, 178 (Mo.App. W.D.2000). Consequently, this court is bound to follow the Supreme Court's decision in *American Radiator*, which found that, if the general contractor is not a

---

W.D.2002). "An indispensable party is a necessary party who cannot feasibly be joined at the time but whose absence is so critical that equity and good conscience will not permit the matter to proceed without that party."

*Id.* (citing Rule 52.04(b)). Ameristar makes no claim that Taylor Ball could not feasibly be joined and, therefore, this court assumes that Ameristar abandoned its claim that the general contractor was an indispensable party.

party to the contract at issue, then the general contractor is not a necessary party to enforcement of a mechanic's lien. 211 S.W. at 58–59.

In sum, under *American Radiator*, the general contractor is not a necessary party to Iowa Steel's action to enforce its mechanic's lien because the general contractor was not a party to the contract with Iowa Steel and Team Rebar, the contract at issue in this case. Therefore, the trial court erred in granting Ameristar's motion to dismiss Count III of Iowa Steel's claim to enforce its mechanic's lien against Ameristar. Point granted.

### Denial of Motion to Dismiss and Motion for Summary Judgment Not Appealable

In its cross-appeal, Ameristar asserts that the trial court erred in denying its motion to dismiss Iowa Steel's claim to enforce its mechanic's lien because Iowa Steel, as a supplier to a supplier, is not a proper lien claimant in that Missouri statutes do not provide such a supplier with mechanic's lien protection. Ameristar also cross appeals the trial court's denial of its motion for summary judgment on the same basis. Ameristar further claims that the trial court erred in denying its motion for summary judgment on two additional grounds. First, Ameristar claims that the trial court erred in denying its motion for summary judgment because Iowa Steel's mechanic's lien is fatally defective in that Iowa Steel did not file a "just and true" account of its demand, as required by section 429.080, and the verification of its liens was invalid. Second, Ameristar contends that the trial court erred in denying its motion for summary judgment because Iowa Steel is unable to produce evidence that the materials provided by Iowa Steel were actually used or incorporated into the parking garage project.

In response to Ameristar's cross-appeal, Iowa Steel filed with this court a motion to dismiss Ameristar's cross-appeal on the ground that this court lacks subject matter jurisdiction over the cross-appeal because neither the denial of a motion to dismiss nor the denial of a motion for summary judgment is a final judgment reviewable on appeal. Iowa Steel is correct. "The court's denial of either 'a motion to dismiss or a motion for summary judgment is not a final judgment and is not reviewable'" on appeal. *Lesinski v. Joseph P. Caulfield & Assocs., Inc.*, 12 S.W.3d 394, 396 (Mo.App. E.D.2000) (citation omitted).

Nevertheless, while Ameristar acknowledges that neither the denial of a motion to dismiss nor the denial of a motion for summary judgment is a final judgment from which an appeal will lie, it argues in its suggestions in opposition to Iowa Steel's motion to dismiss that its cross-appeal is reviewable under the exception to the general rule set forth in *James v. Paul*, 49 S.W.3d 678, 682 (Mo. banc 2001). In that case, State Farm Fire and Casualty Company appealed from a summary judgment entered against it *and* the trial court's denial of its own motion for summary judgment against Danny James. *James*, 49 S.W.3d at 680. Regarding whether State Farm's appeal from the trial court's denial of its motion for summary judgment was a proper point on appeal, the Court found that "even though the ruling in question might normally be considered interlocutory, if the appeal is otherwise properly before the Court, and a question of law is almost certain to arise on retrial and has been fully briefed by the parties, the issue will be addressed as a matter of judicial efficiency and economy." 49 S.W.3d at 682. Ameristar argues that its appeal is properly before the Court, a question of law is certain to arise on retri-

al, and the issues have been fully briefed by the parties. Therefore, Ameristar claims that, in the interest of judicial efficiency and economy, the issues raised in its cross-appeal are ripe for review under the exception to the general rule set forth in *James*. This case, however, is procedurally different from *James*. Here, while the trial court did deny Ameristar's motion for summary judgment, the trial court did not grant Iowa Steel's competing motion for summary judgment. Rather, the trial court denied both parties' motions for summary judgment. Thus, *James* is distinguishable from this case.

Moreover, after *James*, the Missouri Supreme Court expressly held that the "denial of a summary judgment motion is not appealable and will *only* be reviewed when its merits are completely intertwined with a grant of summary in favor of an opposing party." *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 456 n. 1 (Mo. banc 2006) (emphasis added). The issues raised in Ameristar's motion for summary judgment are not "completely intertwined with the grant of summary judgment" in favor of Iowa Steel. *Id.* Rather, as stated above, the trial court did not grant Iowa Steel's motion for summary judgment but, rather, *denied* both Iowa Steel's and Ameristar's motions for summary judgment. Thus, there is no intertwinement between the granting of a motion for summary judgment in favor of Iowa Steel and the denial of Ameristar's motion for summary judgment sufficient to justify a departure from the general rule that the denial of a motion for summary judgment is not appealable.

Moreover, even if the trial court had granted Iowa Steel's motion for summary judgment, the issues raised in Ameristar's motion for summary judgment raise different legal and factual issues than those issues raised by Iowa Steel in its appeal.

For example, whether the general contractor is a necessary party to a mechanic's lien action is factually and legally a different question than whether Iowa Steel, as a supplier to a supplier, is a proper lien claimant under Missouri's statutes. In addition, resolution of Ameristar's claim regarding Iowa Steel's "just and true" account and verification of its liens requires a factual determination regarding whether Iowa Steel had a "good faith basis" for the amount included in its demand. Likewise, the question whether the materials supplied by Iowa Steel were actually incorporated into the parking garage project is a disputed question of fact. Therefore, because the questions raised by Ameristar in its cross-appeal involve different legal issues and some require factual determinations, the claims raised by Ameristar are not completely intertwined with the issues raised by Iowa Steel so review is inappropriate in the absence of a final judgment. Accordingly, this court is without jurisdiction over Ameristar's cross-appeal. Iowa Steel's motion to dismiss Ameristar's cross-appeal is granted.

Because the general contractor is not a necessary party to Iowa Steel's claim for enforcement of its mechanic's lien, the trial court's judgment granting Ameristar's motion to dismiss on that basis is reversed. The case is remanded to the trial court for trial. Ameristar's cross-appeal is dismissed for lack of a final judgment.

All concur.